**Billy E. LEE, Petitioner,**

v.

**BRAEBURN VALLEY WEST CIVIC ASSOCIATION, Respondent.**

**No. C–9449.**

Supreme Court of Texas.

March 7, 1990.

Billy E. Lee, Houston, for petitioner.

Rick S. Butler, Lori E. Alderson, Houston, for respondent.

PER CURIAM.

Braeburn Valley West Civic Association (Braeburn) filed a motion for summary judgment against Billy E. Lee (Lee) to collect property assessments and late charges Braeburn contended Lee owed as a resident of the Braeburn Valley West subdivision. Lee responded to the motion for summary judgment but was not present at the hearing on the motion. The trial court granted the motion for summary judgment in favor of Braeburn. Lee filed a motion for new trial, in which he explained his absence from the hearing. The trial court overruled Lee's motion for new trial.

On appeal, Lee discussed his absence from the hearing and reurged several of his arguments from his response to the motion for summary judgment, including: that the late charges assessed by Braeburn amount to usury; that Braeburn is charging assessments against Lee for property that he does not own; and that the assessments violate the equal protection and the due process clauses of the fourteenth amendment of the United States Constitu-

tion. The court of appeals correctly disposed of Lee's argument concerning his absence but did not address his remaining contentions. Therefore, the court of appeals failed to respond to all points necessary to the disposition of the appeal. Tex.R.App.P. 90(a).

 Braeburn asserts that because Lee did not include the other arguments in his motion for new trial, he has waived those issues. While the motion for new trial was necessary for his absence argument, Tex.R.App.P. 52(a), Lee was not required to file a motion for new trial to preserve his complaints pertaining to the summary judgment responses because a motion for new trial is not a prerequisite for an appeal of a summary judgment proceeding. Tex.R.Civ.P. 324; *see Howell v. Coca–Cola Bottling Co.,* 599 S.W.2d 801 (Tex.1980). Therefore, Lee is not limited to the point raised in his motion for new trial. *Boswell v. Handley,* 397 S.W.2d 213, 217 (Tex.1965). Except for his sole argument raised in the motion for new trial, Lee is limited to the points raised in his response to the motion for summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 675 (Tex.1979).

Accordingly, we grant the application for writ of error pursuant to Rule 133(b) of the Texas Rules of Appellate Procedure, and without hearing oral argument, a majority of this court reverses the judgment of the court of appeals and remands the cause to that court for further proceedings consistent with this opinion.