Billy E. LEE, Appellant,

v.

BRAEBURN VALLEY WEST CIVIC ASSOCIATION, Appellee.

No. 11–89–214–CV.

Court of Appeals of Texas, Eastland.

May 31, 1990.

Rehearing Denied Aug. 30, 1990.

Billy E. Lee, Houston, for appellant.

Lori E. Alderson, Mimi A. Leisure—Butler, Langford, Ewalt & Hailey, P.C., Houston, for appellee.

OPINION ON REMAND

PER CURIAM.

The trial court granted Braeburn Valley West Civic Association's motion for summary judgment. Billy E. Lee perfected an appeal. In his sole point of error, Lee contended that the trial court erred in denying his motion for new trial. On November 16, 1989, this Court overruled Lee's point of error and affirmed the judgment of the trial court in an unpublished opinion. In that opinion, we stated:

> Lee has not challenged the merits of the summary judgment but has only challenged the fact that he was not present at the hearing. Oral testimony is not received at a hearing on a motion for summary judgment. TEX.R.CIV.P. 166a(c). Lee has not properly challenged the summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). The point of error is overruled.

In *Lee v. Braeburn Valley West Civic Association*, 786 S.W.2d 262 (Tex.1990), the Supreme Court held that this Court:

[C]orrectly disposed of Lee's argument concerning his absence but did not address his remaining contentions. Therefore, the Court of Appeals failed to respond to all points necessary to the disposition of the appeal.

The Supreme Court then reversed and remanded the cause to this Court for further consideration. 786 S.W.2d 262.

The sole point of error before this Court states: "[T]he trial court erred in refusing to grant defendant's motion for a new trial." Under this point, Lee argues that he was:

[N]ot aware that if he was not in attendance in County Civil Court at Law No. 3 before 9:10 AM on Wednesday, December 7, 1988, that his prior defensive pleadings would be stricken and default judgment taken against him, even if he was unexpectedly in trial in another local Court at that very time.

The record reflects that Lee's pleadings were not struck but rather that Lee failed to file a controverting affidavit and that judgment was rendered against him based upon the summary judgment proof.

In his argument that the court erred in failing to grant him a new trial, Lee also states that the trial court ignored the constitutional and statutory objections he raised in his opposition to the motion for summary judgment and that he had "Federal Constitutional challenges and State challenges to present in defense—matters not normally subject to documentary presentation." Lee first challenged the merits of the summary judgment not in his brief but in his motion for rehearing filed in this Court on November 30, 1989, after this Court had overruled his sole point of error. However, in light of the Supreme Court's opinion, we will address the remaining contentions in Lee's brief assigning error to the failure to grant a new trial.

Braeburn sued Lee to collect property assessments and late charges Braeburn contended Lee owed as a resident of the Braeburn Valley West Subdivision. Lee contends that the ten percent per annum rate of interest violates TEX. CONST. art. XVI, § 11 because he never entered a contractual agreement for an amount of interest higher than the constitutional six percent and that the late charge is interest and is usurious under TEX.REV.CIV.STAT. ANN. art. 5069–1.01(a) (Vernon 1987). Lee also contends that the assessments were to maintain an esplanade area not owned by him but owned by other lot owners and that the assessments were for services which the City of Houston provides. Therefore, Lee argues that the equal protection clause of the fourteenth amendment of the United States Constitution has been violated.

The warranty deed attached to Braeburn's motion for summary judgment reflects that Lee is the title holder of a lot in the Braeburn Valley West Section Two Subdivision. The deed states that the "conveyance is made and accepted subject to any and all restrictions" recorded as of the date of conveyance. Also attached to the motion for summary judgment is a copy of the "Braeburn Valley West Section Two Restrictions" recorded at the time of conveyance. The restrictions provided that annual assessments, interest, and cost of collection shall be charged. The restrictions further provide that, if not paid within 30 days after the due date, "the assessment shall bear interest from the date of delinquency at the rate of ten percent (10%) per annum."

▮▮▮ TEX. CONST. art. XVI, § 11 provides that, where no rate of interest is agreed on, the rate shall not exceed six percent. Lee purchased the lot pursuant to the restrictions which provided that the rate of interest on late assessments would be ten percent. The ten percent interest rate is not in violation of Article XVI, § 11.

TEX.REV.CIV.STAT.ANN. art. 5069–1.01(a) (Vernon 1987) states:

"Interest" is the compensation allowed by law for the use or forbearance or detention of money; provided however, this term shall not include any time price differential however denominated arising out of a credit sale.

From the record before this Court, the late charge appears to be a $5.00 penalty for failing to timely pay an assessment and not "compensation allowed by law for the use or forbearance or detention of money." The late charge is not "interest" under Article 5069–1.01(a).

■ Finally, nothing in the record supports Lee's contention that the penalty and interest constitute a violation of his right to equal protection. The summary judgment proof establishes that Lee is the title holder, that he took the title subject to restrictions, that the restrictions authorized the collection of an assessment and interest of ten percent if the assessment is late, and that Lee had not paid his assessments for four years prior to the suit being filed.

All of Lee's contentions in his brief have been considered and are overruled. We do not find that Lee's appeal was taken solely for delay and without sufficient cause; therefore, we overrule Braeburn's cross-point seeking damages for delay pursuant to TEX.R.APP.P. 84.

The judgment of the trial court is affirmed.