Tony SMITH, Appellant,

v.

**MIKE CARLSON MOTOR COMPANY, Appellee.**

No. 2–95–086–CV.

Court of Appeals of Texas, Fort Worth.

March 28, 1996.

Tony Smith, Fort Worth, pro se.

Lee F. Christie, Pope, Hardwicke, Christie, Harrell, Schell & Kelly, L.L.P., Fort Worth, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and RICHARDS, JJ.

## OPINION

LIVINGSTON, Justice.

Mike Carlson Motor Company (MCMC) sued Tony Smith for damages to cars on one of MCMC's used car lots caused by a fire that started on Smith's adjacent land. The court entered a final judgment against Smith when he failed to answer interrogatories and requests for admissions and failed to appear for a hearing on MCMC's motion for summary judgment. Smith appeals in three points of error, claiming that the court erred in setting and hearing the motion for summary judgment, that his due process rights were violated because he did not receive notice of the hearing, and that the court erred in awarding attorney's fees to MCMC. We affirm.

## BACKGROUND

Smith is the current owner of land

adjacent to one of the MCMC car lots.[1] On July 26, 1994, transients started a fire in a vacant house on Smith's property. The heat from the fire damaged seventeen of MCMC's cars. MCMC sued Smith for failing to keep the vacant house closed and secured. The sheriff's department tried to serve the citation on Smith at 2100 Hudson, Fort Worth, Texas, but were told that he no longer lived there. An alias citation was issued, and the sheriff's department served Smith at an address that he claims is his new residence, 8249 Cahoba, Fort Worth, Texas. Unfortunately for Smith, when he filed his answer to the petition, he listed his address as 2100 Hudson.[2] MCMC hand delivered all subsequent documents and motions to the Hudson address. Smith claims that he never received any of the documents or motions and that MCMC was aware of his new address.[3]

After Smith failed to appear at the hearing on MCMC's motion for summary judgment, the court entered a final judgment against him. As required by Texas Rule of Civil Procedure 306a(3), MCMC had the abstract of judgment mailed by the clerk to Smith at his Cahoba address; this was the first document served by mail instead of by hand delivery and was the first document ever sent to the Cahoba address. Smith filed a motion for new trial, entitled "Motion to Set Aside Judgment," claiming that: 1) he had not received notice of the motion for summary judgment nor notice of the hearing date; 2) MCMC was aware of Smith's current address; and 3) MCMC intentionally sent notice to Smith's old address. The trial court overruled the motion for new trial because Smith failed to properly verify the motion.

1. At oral argument, Smith said that he was not the owner of the property at the time of the fire, but was only a lienholder. However, this argument is outside the record, and we cannot address it.

2. Smith asserts that he listed the Hudson address by accident. This assertion is also outside the record.

3. Smith claims that he sent a letter to MCMC's attorney to notify him of his change of address. However, this letter is not a part of the record. Thus, we cannot address Smith's argument un-

## CERTIFICATE OF CONFERENCE

■ In point of error one, Smith complains that the trial court erred in hearing the summary judgment without first determining whether the parties had held a conference as required by the local rules of court of Tarrant County. Rule 3.06(b) of the local rules of Tarrant County states:

(b) No motions ... will be set for hearing unless the moving party shall have certified in such motion or in a letter substantially the following:

"A conference was held on (date) with (name of attorney for opposing party) on the merits of this motion. Agreement could not be reached. Therefore it is presented to the Court for determination."

or

"A conference was not held with (name of opposing attorney) on the merits of this motion because (explanation of inability to confer)."

TARRANT (TEX.) CIV.DIST.CT.LOC.R. 3.06(b). MCMC's motion for summary judgment did not certify whether a conference was held. Smith says the trial court erred in both setting the motion for summary judgment for hearing and holding the hearing without ascertaining whether a conference had been held. Smith claims that his right to due process has thus been denied.

The purpose of this local rule is to encourage cooperation among the parties to litigation and to avoid needless motion practice before the court. The rule was not designed to require notice to the nonmovant.[4] Because local rule 3.06 is not designed to ensure notice, it does not give the parties any due

der *Rozsa v. Jenkinson,* 754 S.W.2d 507 (Tex. App.—San Antonio 1988, no writ). In *Rozsa,* a party sent notice of a summary judgment hearing to the wrong apartment number even though the record showed that the party had notice of the correct address. *Rozsa,* 754 S.W.2d at 509.

4. Notice is required by Rule 21 of the Texas Rules of Civil Procedure, which states that a party must serve every other party a true copy of every pleading, motion, or application to the court for an order. TEX.R.CIV.P. 21.

process rights. We overrule point of error one.

## NOTICE OF HEARING

■ In point of error two, Smith claims that the trial court erred in granting summary judgment because he never received actual or constructive notice of the hearing for summary judgment. Absence of actual or constructive notice violates a party's due process rights under the Fourteenth Amendment to the federal constitution. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84–85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75, 81 (1988); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988); *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex.App.—Dallas 1994, no writ).

A party does not need to file a motion for new trial to preserve a complaint on the grounds for which a summary judgment has been granted. TEX.R.CIV.P. 324. However, in this case, Smith does not challenge the summary judgment on substantive grounds. We can find no case directly on point that addresses how a party should bring a lack of notice of the summary judgment motion and hearing to the court's attention after the summary judgment has been granted.

However, we have found an analogous situation in *Lee v. Braeburn Valley West Civic Assoc.*, 786 S.W.2d 262 (Tex.1990). In *Lee*, the defendant filed an answer to the original petition and a response to the plaintiff's motion for summary judgment, but missed the summary judgment hearing. *Id.* at 262. After the trial court granted the plaintiff's motion for summary judgment, the defendant filed a motion for new trial in which he explained his absence from the hearing. He then appealed the court's granting of the summary judgment. *Id.* The Supreme Court held that although the defendant was not required to file a motion for new trial to address the summary judgment's merits, a motion for new trial was necessary for the absence argument. *Id.* at 263. Similarly, Smith had to file a motion for new trial to bring to the trial court's attention that his failure to respond and to appear at the hearing was because he had not received notice. Also, the motion for new trial would preserve

his complaint for appellate review. TEX. R.APP.P. 52(a).

■ Smith filed a motion to set aside the judgment, in essence a motion for new trial, alleging that he had not been notified about the summary judgment hearing. However, he did not attach an affidavit to the motion for new trial verifying that he had no notice of the hearing. "Generally, where a new trial is sought because of facts outside the knowledge of the trial court, the factual allegations in the motion should be supported by affidavit unless good reasons for the nonproduction of affidavits is shown." *Abercia v. First Nat'l Bank of San Antonio*, 500 S.W.2d 573, 576 (Tex.Civ.App.—San Antonio 1973, no writ). Without the affidavits, the claim that Smith received no notice is a mere assertion, and the motion for new trial is defective.

■ Smith claims that the record shows that he could not have received notice of the motion and hearing for summary judgment. He directs our attention to the first citation form, where the sheriff's department indicates that it could not serve the citation and original petition because Smith was no longer an occupant of 2100 Hudson. Because the sheriff's department ultimately served the citation and petition on Smith at 8249 Cahoba, Smith asserts that this shows his address had changed. However, when Smith later filed his answer, he listed 2100 Hudson as his address. Nothing in the record shows that he listed the address in error, and Smith never informed the court that his address had changed before the court entered summary judgment against him. The motion for summary judgment had a certificate of service signed by MCMC's attorney. A certificate of service creates a presumption of valid service. TEX.R.CIV.P. 21; *see Costello v. Johnson*, 680 S.W.2d 529, 530 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

Smith also argues that MCMC's application with the court clerk for post judgment correspondence shows that he did not receive notice of the motion for summary judgment. By Rule 306a(3) of the Texas Rules of Civil Procedure, the clerk of the court sends notice of a judgment to the parties involved by first class mail. TEX.R.CIV.P. 306a. MCMC's ap-

plication for post judgment correspondence asks the clerk to send an abstract of judgment to Smith. The application has a blank for "Judgment Debtor(s) Address if changed." In that blank, Smith's Cahoba address is listed. It is suspicious that MCMC used Smith's new Cahoba address the only time that notice was to be sent by mail. It is also suspicious that MCMC used the Cahoba address on the very day that the trial court entered judgment against Smith. However, these are mere suspicions, not facts that show that Smith failed to receive notice of the motion for and hearing on summary judgment. The suspicions could lead us to several conclusions, including the one that MCMC argued to the trial court at the hearing on Smith's motion for new trial: that Smith holds title to numerous properties on which he could be served notice, which include the Cahoba and Hudson addresses. Without facts in the record to support his allegations of lack of notice, Smith fails to rebut the presumption of valid service created by the certificate of service on the motion for summary judgment.

Lastly, in point of error two, Smith claims that the certificate of service on the motion for summary judgment was defective because it did not indicate what method was used to serve the motion: certified or registered mail, fax, or personal delivery. There is no requirement that the certificate of service detail the method of service used. TEX. R.CIV.P. 21a.

Although other means are available to Smith to challenge the judgment, the trial court did not abuse its discretion in denying his motion for new trial. Because the motion for new trial was defective and because nothing in the record rebuts the presumption of valid service, we overrule point of error two.

### ATTORNEY'S FEES

 In point of error three, Smith claims that the trial court erred in awarding attorney's fees to MCMC. Although the original petition asked for attorney's fees, the judgment did not award them. Therefore, this point is moot.

### APPEAL FOR DELAY

MCMC, in its only cross-point, asserts that Smith filed this appeal for delay and without sufficient cause and asks this court to award damages under TEX.R.APP.P. 84. MCMC claims that Smith purposely provided the incorrect address to the trial court and that Smith's argument to this court is frivolous. However, the record does not reflect that Smith purposely misled the trial court. Additionally, lack of notice of a motion and hearing, which is a denial of due process, is a sufficient cause for appeal. We overrule MCMC's cross-point.

Having disposed of Smith's three points of error and MCMC's cross-point, we affirm the judgment of the trial court.