COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-308-CV
 
LISA ANDERSON                                                        
                     
APPELLANT
V.
WAYLAND AND CARRIE LONG,                                                        
  APPELLEES
INDIVIDUALLY, AND D/B/A 2L TRUCK
AND TRAILER SALES AND CUSTOM
TRAILER INTERIORS
------------
FROM THE 271
ST DISTRICT COURT OF WISE
COUNTY
------------
OPINION
------------
I. Introduction
In this DTPA case, Lisa Anderson
appeals from the trial court's judgment granting the plea to the jurisdiction
and motion for summary judgment filed by Wayland and Carrie Long, individually
and d/b/a 2L Truck and Trailer Sales and Custom Trailer Interiors (the Longs).
In three issues, Anderson complains that the trial court's judgment is erroneous
because her lawsuit was timely and because she presented sufficient evidence of
the Longs' false, misleading, or deceptive acts and her resulting mental anguish
damages to raise a fact issue on her DTPA claim. We will affirm.
II. Background
Facts & Procedural History
Anderson purchased a customized
trailer from the Longs in March 1996. Soon thereafter, Anderson began
experiencing a litany of problems with the trailer's wiring, propane lines,
batteries, and drainage. In March of 1998, Anderson sued the trailer's
manufacturer, Sooner Trailer Manufacturing Company, and the Longs, alleging
causes of action for breach of contract, negligence, breach of certain implied
warranties provided by the Uniform Commercial Code (UCC),(1)
and violations of the Deceptive Trade Practices-Consumer Protection Act (DTPA).(2)
Sooner was nonsuited in February 1999.
The Longs filed a plea to the
jurisdiction with regard to Anderson's DTPA claims, asserting that the statute
of limitations on those claims had expired before Anderson filed her lawsuit.
The Longs also moved for summary judgment on Anderson's breach of warranty and
DTPA claims, but not on her breach of contract or negligence claims. The trial
court granted the motion for summary judgment, and Anderson appealed. We
dismissed the appeal for want of jurisdiction because the summary judgment did
not dispose of Anderson's breach of contract and negligence claims and did not
appear final on its face. Anderson v. Long, 52 S.W.3d 385, 386 (Tex.
App.--Fort Worth 2001, no pet.).
Thereafter, the Longs reasserted
their plea to the jurisdiction, but only as to Anderson's breach of contract and
negligence claims. After a hearing, the trial court sustained the plea and
dismissed Anderson's breach of contract and negligence claims. This appeal
followed.
III. Plea to
Jurisdiction
In her first issue, Anderson
complains that the trial court improperly sustained the Longs' plea to the
jurisdiction because her DTPA claims were not barred by the statute of
limitations. She does not, however, challenge the trial court's ruling on the
plea as to her breach of contract and negligence claims. Because the record
shows that the trial court only sustained the Longs' plea as to these claims,
which Anderson does not challenge on appeal, we overrule her first issue.
IV. Summary
Judgment
In her second and third issues,
Anderson complains that the trial court improperly granted the Longs a
no-evidence summary judgment because she produced evidence that the Longs had
engaged in false, misleading, or deceptive practices that were a producing cause
of her mental anguish damages.(3) The Longs
assert that Anderson has waived her right to appeal the summary judgment because
her notice of appeal states only that she is appealing from the trial court's
order sustaining the Longs' plea to the jurisdiction. They also contend that
Anderson waived her right of appeal because she did not participate in the final
pretrial hearing or file a motion for continuance or new trial.
A. Propriety of
Summary Judgment Challenge
A party who seeks to alter a trial
court's judgment or other appealable order must file a notice of appeal. Tex. R.
App. P. 25.1(c). The filing of a notice of appeal invokes the appellate court's
jurisdiction over all parties to the trial court's judgment or order appealed
from. Tex. R. App. P. 25.1(b). Thus, Anderson's timely filing of her notice of
appeal invoked our jurisdiction over the Longs, who were parties to the order
sustaining the plea to the jurisdiction.
Nothing in Rule 25.1 limits the
issues that Anderson, having properly invoked our jurisdiction, may raise on
appeal. See Gunnerman v. Basic Capital Mgmt., Inc., 106 S.W.3d 821,
824-25 (Tex. App.--Dallas 2003, pet. filed) (holding that rules of appellate
procedure do not provide that listing of certain issues in notice of appeal
limits appeal to only those issues); see also Webb v. Jorns, 488 S.W.2d
407, 408-09 (Tex. 1972) (holding that unsevered, partial summary judgment order
was merged into trial court's final judgment). Rather, the limitation of
appellate issues is governed by other appellate rules, none of which is
implicated here. See, e.g., Tex. R. App. P. 33.1 (providing that
appellate issues are limited to complaints raised and ruled on in trial court);
Tex. R. App. P. 34.6(c) (providing that filing of partial reporter's record
limits appellate issues). The requirement in Rule 25.1(d) that the notice of
appeal must state the date of the judgment or order appealed from does not, as
the Longs contend, limit what trial court rulings may be challenged on appeal. See
Tex. R. App. P. 25.1(d). Instead, the date of the judgment appealed from is used
to determine whether the appeal is timely. See Tex. R. App. P. 26.1;
John Hill Cayce, Jr., et al., Civil Appeals in Texas: Practicing Under the
New Rules of Appellate Procedure, 49 Baylor L. Rev. 867, 886 (1997). For
all of these reasons, we hold that the language in Anderson's notice of appeal
does not preclude her from challenging the summary judgment for the Longs.
Further, the Longs cite no
authority for their argument that Anderson was required to participate in the
final pretrial hearing in order to complain on appeal of the trial court's
summary judgment. Therefore, we will not consider this argument. See
Tex. R. App. P. 38.1(h); see also Fredonia State Bank v. Gen. Am. Life Ins.
Co., 881 S.W.2d 279, 284 (Tex. 1994) (discussing long-standing rule that
point may be waived due to inadequate briefing). Having already been granted,
the summary judgment was not even at issue in the final pretrial hearing, and a
motion for new trial is not a prerequisite to an appeal of a summary judgment. Lee
v. Braeburn Valley W. Civic Ass'n, 786 S.W.2d 262, 263 (Tex. 1990).
Accordingly, we turn to the merits of Anderson's second and third issues.
B. Standard of
Review
After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant's claim or defense. Tex. R. Civ.
P. 166a(i). The motion must specifically state the elements for which there is
no evidence. Id.; Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 207 (Tex. 2002). The trial court must grant the motion unless the
nonmovant produces summary judgment evidence that raises a genuine issue of
material fact. See Tex. R. Civ. P. 166a(i) cmt.; S.W. Elec. Power
Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).
We review the evidence in the light
most favorable to the party against whom the no-evidence summary judgment was
rendered. Johnson, 73 S.W.3d at 197; Morgan v. Anthony, 27
S.W.3d 928, 929 (Tex. 2000). If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no-evidence summary judgment is not proper. Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied).
C. No-Evidence
Summary Judgment Grounds and Evidence
To state a cause of action under
the DTPA, a claimant must show that (1) she is a consumer; (2) the defendants
engaged in acts prohibited by the DTPA, such as certain false, misleading, or
deceptive acts or practices; and (3) those acts were a producing cause of the
claimant's mental anguish or economic damages. Tex. Bus. & Com. Code Ann. §
17.50(a). The Longs moved for a no-evidence summary judgment on Anderson's DTPA
claims on grounds that (1) there was no evidence that they had engaged in any
false, misleading, or deceptive acts; and (2) there was no evidence that
Anderson had suffered any mental anguish or economic damages. Anderson's
consumer status was not challenged.
To recover mental anguish damages
under the DTPA, a claimant must present "direct evidence of the nature,
duration, and severity of the[] mental anguish, thus establishing a substantial
disruption in the [claimant's] daily routine." Latham v. Castillo,
972 S.W.2d 66, 69-70 (Tex. 1998); Parkway Co. v. Woodruff, 901 S.W.2d
434, 444 (Tex. 1995). Proof of a physical manifestation of mental anguish is not
required. City of Tyler v. Likes, 962 S.W.2d 489, 495 (Tex. 1997); Parkway
Co., 901 S.W.2d at 443. The claimant's direct evidence may include her own
testimony or that of a third party or expert witness. Parkway Co., 901
S.W.2d at 444. If there is no direct evidence of mental anguish, we apply
traditional no-evidence standards to determine whether the record reveals any
evidence of a "high degree of mental pain and distress" that is
"more than mere worry, anxiety, vexation, embarrassment, or anger." Latham,
972 S.W.2d at 70; Parkway Co., 901 S.W.2d at 444.
To support her mental anguish
claim, Anderson averred that the trailer had been the source of extreme fright,
constant worry, extreme apprehension, and nervousness on a daily basis for
nearly the entire time she had owned it. She testified that she was frightened
that her trailer was going to burn down because she knew at least three
customers of the Longs whose modified trailers had "burned to the
ground" or suffered severe fire damage. Finally, Anderson stated that the
experience had caused her to lose sleep and been "extremely nerve
racking" and "extremely embarrassing on a daily basis" during the
time in which she owned the trailer.
Viewed in the light most favorable
to Anderson, this testimony does not present more than a scintilla of evidence
that her alleged mental anguish caused a substantial disruption in her daily
routine or amounted to more than mere worry, anxiety, vexation, embarrassment,
or anger. See Moore, 981 S.W.2d at 269; Latham, 972 S.W.2d at
69-70. Further, Anderson's complaint that she raised more than a scintilla of
evidence of her economic damages is not briefed; therefore, this complaint is
waived. See Tex. R. App. P. 38.1(h); Fredonia State Bank, 881
S.W.2d at 284. Because Anderson presented no evidence that she suffered any
damages as a result of the Longs' alleged false, misleading, or deceptive acts,
the trial court properly granted the Longs a no-evidence summary judgment on
Anderson's DTPA claims. We overrule Anderson's second and third issues.
V. Conclusion
Having overruled all of Anderson's
issues on appeal, we affirm the trial court's judgment.
 
                                                       
              
JOHN CAYCE
                                                       
              
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; DAY, J.; and
DAVID L. RICHARDS, J. (Sitting by Assignment).
DELIVERED: August 7, 2003

1. See Tex. Bus. & Com. Code Ann. §§
2.314-.315 (Vernon 1994).
2. See id. §§ 17.46, 17.50 (Vernon 2002).
3. Anderson does not challenge the summary judgment on her
breach of warranty claims under the UCC; therefore, we will affirm the summary
judgment as to those claims. Anderson does contend that the evidence raises a
material fact issue concerning her breach of contract and negligence claims.
Because the trial court disposed of these claims by sustaining the Longs' plea
to the jurisdiction, however, rather than by summary judgment, we overrule this
argument.