Affirmed and Memorandum Opinion filed December 21, 2004









Affirmed
and Memorandum Opinion filed December 21, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00064-CV

_______________

 

RASAK BABAJIDE,
Appellant

 

V.

 

CITIBANK
(SOUTH DAKOTA), N.A., Appellee

_______________________________________________________

 

On Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 798,135

_______________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellee, Citibank (South Dakota), N.A., sued Appellant,
Rasak Babajide, to recover past due credit card charges.  Citibank filed a motion for summary
judgment.  The trial court granted the
motion and entered a final summary judgment that Citibank recover $9,601.67
plus post-judgment interest and attorneys= fees.  Babajide appeals on the ground that she did
not receive notice of the hearing on the motion for summary judgment.  Because Babajide failed to preserve her
complaint for appellate review, we issue this memorandum opinion and affirm.








A summary judgment movant must give the nonmovant at least
twenty-one days notice of the summary judgment hearing.  Tex. R. Civ. P. 166a(c).  However, lack of notice of a summary judgment
hearing is not a jurisdictional defect.  See
French v. Brown, 424 S.W.2d 893, 894B95 (Tex. 1967).  Rather, lack of notice is a procedural defect
that may be corrected by the trial court in response to a timely filed motion
for new trial or by an appellate court if the trial court overrules the motion
for new trial.  See id. at
894.  Therefore, a nonmovant must file a
motion for new trial to preserve a complaint that she did not receive notice of
a summary judgment hearing.  See id.;
Smith v. Mike Carlson Motor Co., 918 S.W.2d 669, 672 (Tex. App.CFort Worth 1996, no writ) (citing Lee
v. Braeburn Valley West Civic Ass=n, 786 S.W.2d 262, 263 (Tex. 1990); Tex. R. App. P. 33.1; see also
Tanksley v. CitiCapital Commercial Corp., 145 S.W.3d 760, 764 (Tex. App.CDallas 2004, no pet. h.); Rios v.
Texas Bank, 948 S.W.2d 30, 33 (Tex. App.CHouston [14th Dist.] 1997, no pet.);
Coleman v. SB Communications, Inc., No. 04-99-008890-CV, 2000 WL 1060378,
at *1 (Tex. App.CSan Antonio July 19, 2000, no pet.) (not designated for
publication).[1]








The record does not reflect that Babajide timely filed a
motion for new trial.  She did file a Arequest for reinstatement@ in which she asked the trial court
to Areinstate@ the case because the summary
judgment was rendered Ain absentia,@ and she did not receive notice of Aany proceedings involving this case.@ 
Even if we construe this pleading as a motion for new trial, it was not
timely because it was filed more than thirty days after the final summary
judgment was signed.  See Tex. R. Civ. P. 329b(a) (providing that
motion for new trial must be filed within thirty days after judgment is
signed).[2]  Therefore, Babajide has failed to preserve
error on her notice complaint, and we may not address her complaint for the
first time on appeal.[3]

Accordingly, Babajide=s sole issue is overruled, and the
trial court=s judgment is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed December 21, 2004.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

 











[1]  In contrast, a
party is not required to file a motion for new trial to preserve a complaint on
the substantive grounds on which a summary judgment has been granted.  Smith, 918 S.W.2d at 672; Tex. R. Civ. P. 324.





[2] Further, there is no affidavit or other evidence
attached to the motion for reinstatement to prove lack of notice.  See Rios, 948 S.W.2d at 33, n.4
(stating that a nonmovant asserting lack of notice in a post-trial motion must
present evidence); Smith, 918 S.W.2d at 672 (recognizing that motion for
new trial with no supporting affidavit is mere assertion regarding lack of
notice and is defective).





[3]  We note that
the record does not reflect whether Babajide was properly served with notice of
the hearing.  The record contains the motion for summary judgment
but does not contain the notice of hearing although the court=s docket sheet shows that a notice was filed.  However, in her brief, Babajide asserts that
the notice was served at a Anon-existing@
address, and Citibank has not filed a brief disputing that assertion.  Nonetheless, in order to preserve her
complaint, Babajide was required to present evidence that she did not receive
notice via a timely post-judgment motion. 
See Rios, 948 S.W.2d at 33, n.4; Smith, 918 S.W.2d at 672.