NUMBER 13-04-216-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS CHRISTI - EDINBURG

                                                                                                                     


 

JAMES TREAT,                                                                              Appellant,

 

                                                             v.                                

 

CARON MUNTZEL,                                                                         
Appellee.

                                                                                                                                      


On appeal from the County Court at
Law No. 2 

of Nueces County, Texas.

                                                                                                                     


 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza 

                            Memorandum Opinion
by Justice Garza                       

This is a restricted appeal.  See Tex.
R. App. P. 26.1(c), 30. 
Appellant, James Treat, challenges a summary judgment granted in favor
of appellee, claiming that he did not receive proper or timely notice of the
summary judgment hearing.  We affirm the
judgment of the trial court.  








A restricted appeal must (1) be brought within six
months after the trial court signs the judgment; (2) by a party to the suit;
(3) who, either in person or through counsel, did not participate at trial; and
(4) the error complained of must be apparent from the face of the record.  Tex.
R. App. P. 26.1(c), 30; Norman Communications v. Tex. Eastman Co.,
955 S.W.2d 269, 270 (Tex.
1997) (per curiam); Carmona v. Bunzl Distrib., 76 S.W.3d 566, 568 (Tex.
App.BCorpus Christi 2002, no pet.).  The face of the record, for purposes of a
restricted appeal review, consists of all the papers on file in the
appeal.  Norman Communications,
955 S.W.2d at 270.  The requirements for
a restricted appeal should be liberally construed in favor of the right to
appeal.  Stubbs v. Stubbs, 685
S.W.2d 643, 645 (Tex.
1985).  The first three requirements are
uncontested.  We therefore address
whether error is apparent from the face of the record.

Rule 166a of the Texas Rules of Civil Procedure
requires that a party serve notice of a summary judgment hearing on opposing
counsel at least twenty-one days before the hearing date.  See Tex.
R. Civ. P. 166a(c); see also Aguirre v. Phillips Props., Inc., 111
S.W.3d 328, 332 (Tex. App.BCorpus Christi 2003, pet. denied).  Lack of notice to the nonmovant of the
summary judgment hearing violates the nonmovant=s due
process rights.  Smith v. Mike Carlson
Motor Co., 918 S.W.2d 669, 672 (Tex. App.BFort
Worth 1996, no writ).  A certificate by a
party or an attorney of record is prima facie evidence of the fact of
service.  Id.; Tex. R. Civ. P. 21a. 
The presumption of service may be rebutted by an offer of proof of
nonservice.  See Cliff v. Huggins,
724 S.W.2d 778, 780 (Tex.
1987).  








On appeal, appellant argues that the trial court
erred in rendering judgment for appellee because there is no evidence in the
record that he was properly served with appellee=s
motion for summary judgment or that he was timely provided notice of the
hearing on that motion.  As evidence that
he did not receive proper or timely notice, appellant points to the certificate
of service which does not state the method of service.  Appellant argues, without citing to
authority, that this Aobvious discrepancy@ is an
error on the face of the record that requires reversal of the trial court=s judgment. 
This argument is without merit because there is no requirement that the
certificate of service detail the method of service used.  See Tex.
R. Civ. P. 21a (providing methods of service); see also Smith,
918 S.W.2d at 673. 








The record reflects that the summary judgment motion
was file-stamped on October 15, 2003, and appellee=s counsel=s certificate of service states that notice was
served at appellant=s address 7202 Sandpiper, Corpus Christi, Texas, 78412, on October 10, 2003.  The motion for summary judgment contains a
notice of hearing with a handwritten date of November 5, 2003 at 2:15 p.m., in
the County Court at Law, Number 2, Nueces
 County, Texas.[1]  Appellant points out that the certificate of
service indicates a service date five days prior to the date the motion for
summary judgment was filed.  He argues
that given the discrepancy between the reported date of service and the date of
filing, there is no way to determine what date and time of hearing was in the
notice that was allegedly served on him. 
Appellee suggests that the handwritten notation of the date and time of
the hearing may have been added to the document after service was completed;
however, he has not presented any evidence in support of this contention and
any error pertaining to this contention is not apparent on the face of the
record.  While it is clear from the
record that appellee accomplished service prior to the date the motion was
file-stamped by the clerk=s office, the motion nonetheless provided adequate
and accurate notice of the hearing.[2]


            Appellant further argues that the absence
of a signature on the notice of hearing is a discrepancy that suggests error by
the trial court.  Appellant cites no
authority and we have found none in support of the proposition that the absence
of the judge=s signature from a notice setting a hearing under
rule 166a(c) invalidates the notice.  To
the contrary, our Court has previously held that the absence of a judge=s signature on a notice setting hearing, does not,
standing alone, invalidate the notice.  West
v. Maint. Tool & Supply Co., 89 S.W.3d 96, 102 (Tex. App.BCorpus Christi 2002, no pet.) (citing Goode v.
Avis Rent-A-Car, 832 S.W.2d 202, 204 (Tex. App.BHouston [1st Dist.] 1992, writ denied) (holding that
an unsigned order setting a hearing date on a motion for summary judgment was
sufficient to provide notice of the hearing)). 

Appellant has failed to rebut the presumption of
valid service created by the certificate of service on the motion for summary
judgment.  Accordingly, we affirm the
judgment of the trial court.

            

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 28th day of July, 2005.











[1] On November 5, 2003, the trial
court heard appellee=s argument for summary judgment and
granted it in favor of appellee.  Appellant,
who was a pro se defendant, was not present at the hearing.  





[2] We cannot discount the possibility that the motion for summary judgment
and notice of hearing were mailed on October 10, 2003, to both the appellant
and the court, a method of service permitted by rule 21a.  See
Tex. R. Civ. P. 21a.  This would explain the Adiscrepancy@ between the date on the
certificate of service and the file stamp.