

NUMBER 13-07-00729-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GLENN R. PETTY, JR.,                                                **Appellant,**

**v.**

HOWARD MANAGEMENT
SERVICES, L.P.,                                              **Appellee.**

## On appeal from the 23rd District Court of Matagorda County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Glenn R. Petty, Jr., appeals the trial court's granting of motions for summary judgment filed by appellee, Howard Management Services, L.P. ("Howard"), pertaining to real property located in Matagorda County. By seven issues, which can properly be categorized as three, appellant asserts that the trial court erred in granting

Howard's motions for summary judgment because: (1) Howard failed to file a proper notice of submission; (2) the record reflects an issue of material fact as to the ownership of the property; and (3) Howard is not entitled to summary judgment on Petty's claims of fraud, conversion, and real estate fraud. We affirm.

## I. Factual and Procedural Background

This case stems from purchases of interests in property situated in Matagorda County, Texas, by Petty and Howard. Both Petty and Howard claim title to the real property through Richard Charles Young. Richard inherited the property from his father, Wonder Young, on August 6, 1978, as detailed in an affidavit of heirship that Richard filed in the Matagorda County deed records. Richard died intestate on June 25, 2000. At the time of his death, Richard was survived by his wife, Mattie J. Young, and four children. Petty purchased Mattie's interest in the property on September 11, 2002. In February and March 2003, Howard purchased the interests that each of Richard's four children had in the property.

On May 19, 2006, Petty filed an original petition, seeking a judicial declaration that he owned the property outright and damages for fraud, conversion, and real estate fraud from Howard. Specifically, Petty alleged that Howard had clouded title to the property by filing invalid warranty deeds and by fencing and gating the property. Howard filed a general denial on August 1, 2006. On October 3, 2006, Howard filed its first amended answer, special exceptions, suit for declaratory relief, and motion for sanctions. In this filing, Howard (1) asserted the affirmative defenses of estoppel, equitable estoppel, and laches; (2) sought a judicial declaration with regard to its title to the property; (3) requested attorney's fees; (4) specially excepted to the vagueness of Petty's fraud, conversion, and

real estate fraud claims; and (5) moved for sanctions against Petty for bringing the underlying suit in bad faith and for the purpose of harassment.

On March 14, 2007, Howard filed motions for summary judgment on traditional and no-evidence grounds, alleging that it is the owner of the property subject to Mattie's one-third life estate and that Petty is entitled to a take-nothing judgment on his claims for fraud, conversion, and real estate fraud. Also, on March 14, 2007, Howard filed its notice of submission, which provided Petty with notice that the hearing on Howard's motions for summary judgment was set for May 2, 2007 at 9:30 a.m.[1] The record does not reflect that a hearing was conducted. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (noting that an oral hearing on a motion for summary judgment is not mandatory). The trial court took the matter under advisement and subsequently granted Howard's motions for summary judgment on November 13, 2007. In its order, the trial court noted the following:

> It is, therefore, ORDERED, ADJUDGED[,] AND DECLARED that the Defendant[,] Howard Management Services, L[.]P[.] is the owner in fee simple of the following described real property, subject to a one-third life estate for the life of Mattie J. Young, which life estate was conveyed to Plaintiff, Glenn R. Petty, Jr. . . .
>
> IT IS FURTHER ORDERED, ADJUDGED[,] AND DECREED that Plaintiff take nothing by his suit.
>
> . . . .
>
> This judgment is final and disposes of all claims and all parties.

Petty timely filed his notice of appeal on November 30, 2007. On March 7, 2008,

---

[1] Petty filed his first response to Howard's motions for summary judgment on April 25, 2007. Petty also filed a supplemental response on May 7, 2007.

Howard filed a motion for sanctions, which this Court carried with the case, against Petty for filing a frivolous appeal. Petty filed his response to Howard's motion for sanctions on May 8, 2008.

## II. STANDARD OF REVIEW

### A. Traditional Motion for Summary Judgment

The function of summary judgment is to eliminate patently unmeritorious claims and defenses, not to deprive litigants of the right to a trial by jury. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (citing *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989)); *Alaniz v. Hoyt*, 105 S.W.3d 330, 344 (Tex. App.–Corpus Christi 2003, no pet.). We review de novo a trial court's grant or denial of a traditional motion for summary judgment. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *Alaniz*, 105 S.W.3d at 345.

Under a traditional motion for summary judgment, the movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Alaniz*, 105 S.W.3d at 345; *Mowbray v. Avery*, 76 S.W.3d 663, 690 (Tex. App.–Corpus Christi 2002, pet. denied). After the movant produces evidence sufficient to show it is entitled to summary judgment, the non-movant must then present evidence raising a fact issue. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

### B. No-Evidence Motion for Summary Judgment

Texas Rule of Civil Procedure 166a(i) provides that "a party without presenting

4

summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof." Tᴇx. R. Cɪᴠ. P. 166a(i).  The trial court must grant the motion if the non-movant does not produce summary judgment evidence raising a genuine issue of material fact on each element challenged.  *Id.*; *Mack Trucks v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).  The non-movant must produce more than a scintilla of probative evidence to raise an issue of material fact.  *Oasis Oil Corp. v. Koch Ref. Co. L.P.*, 60 S.W.3d 248, 252 (Tex. App.–Corpus Christi 2001, pet. denied).  More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."  *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

We "must examine the entire record in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion."  *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *see City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).  Moreover, "when a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious."  *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam) (quoting *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)).

## III. Aɴᴀʟʏsɪs

### a. Notice of the Summary Judgment Hearing

By his first issue, Petty asserts that Howard failed to provide him with proper notice

of the summary judgment hearing and, therefore, the trial court erred in granting Howard's motions for summary judgment.

### 1. Applicable Law

Rule 166a requires that a party serve notice of a summary judgment hearing on opposing counsel at least twenty-one days before the hearing date. *See* Tex. R. Civ. P. 166a(c); *see also Aguirre v. Phillips Props., Inc.*, 111 S.W.3d 328, 332 (Tex. App.–Corpus Christi 2003, pet. denied). Lack of notice to the nonmovant of the summary judgment hearing violates the nonmovant's due process rights. *Smith v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 672 (Tex. App.–Fort Worth 1996, no writ).

The Texas Supreme Court has held that a trial court must give notice of the submission date for a motion for summary judgment, because this date determines the date the nonmovant's response is due. *Martin*, 989 S.W.2d at 359. Failure to give notice of the submission date for a motion for summary judgment constitutes error. *Id.* However, the trial court renders such error harmless when the court considers the nonmovant's response and reconfirms its ruling. *Id.* Lack of twenty-one days' notice of a summary judgment hearing is a nonjurisdictional defect that the nonmovant can waive. *Id.*; *see May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.–Tyler 2001, no pet.). If a party receives notice that is untimely but sufficient to enable it to attend a summary judgment hearing, the party must file a motion for continuance or raise the complaint of late notice in writing, supported by affidavit evidence. *May*, 61 S.W.3d at 626; *Rios v. Tex. Bank*, 948 S.W.2d 30, 33 (Tex. App.–Houston [14th Dist.] 1997, no writ). A nonmovant who does not move for continuance of the summary judgment hearing waives its complaint

about insufficient notice. *May*, 61 S.W.3d at 626; *Rios*, 948 S.W.2d at 33.

## 2. Discussion

In reviewing the record, we are unable to find, nor does Petty direct us to, any motions or complaints in writing filed with the trial court addressing his alleged lack of notice. We conclude that Petty has not preserved this issue for appellate review; therefore, this issue is waived. *See May*, 61 S.W.3d at 626; *Rios*, 948 S.W.2d at 33; *see also* TEX. R. APP. P. 33.1; *Mangum v. Equistar Chem. Co.*, No. 13-02-325-CV, 2003 Tex. App. LEXIS 7921, at **7-8 (Tex. App.–Corpus Christi Sept. 11, 2003, pet. denied) (mem. op.). Petty's first issue is overruled.

## b. Ownership of the Property

By his second issue, Petty argues that upon Richard's death, the property passed entirely to Mattie because the property was community property. *See* TEX. FAM. CODE ANN. § 3.003(a) (Vernon 2006) ("Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."). Therefore, Petty contends that he has raised an issue of material fact as to the ownership of the property. Howard asserts that section 38(b) of the probate code and the record support its contention that it owns the property subject to Mattie's one-third life estate. *See* TEX. PROB. CODE ANN. § 38(b) (Vernon 2003).

## 1. Applicable Law

Section 38(b) of the probate code, entitled "Intestate Leaving Husband or Wife," provides the following:

> Where any person having title to any estate, real, personal or mixed, other than a community estate, shall die intestate as to such estate, and shall

7

leave a surviving husband or wife, such estate of such intestate shall descend and pass as follows:

1. If the deceased have a child or children, or their descendants, the surviving husband or wife shall take one-third of the personal estate, and the balance of such personal estate shall go to the child or children of the deceased and their descendants. The surviving husband or wife shall also be entitled to an estate for life, in one-third of the land of the intestate, with remainder to the child or children of the intestate and their descendants.

*Id.*

## 2. Discussion

We begin by reviewing Richard's affidavit of heirship filed in the Matagorda County deed records on October 29, 1996. *See id.* § 52 (Vernon 2003) (providing that an affidavit of heirship that has been of record for five years or more in the deed records of any county in Texas is prima facie evidence of the facts stated therein). The affidavit of heirship provides that the property in question was devised to Richard, as Wonder's sole heir, through the laws of intestacy when Wonder died. Section 3.001 of the Texas Family Code states that "property acquired by the spouse during marriage by gift, devise, or descent" is considered separate property. *See* TEX. FAM. CODE ANN. § 3.001(2) (Vernon 2006). Therefore, the property in question was the separate property of Richard. Moreover, because we have determined that the property was Richard's separate property and not community property, section 38(b) of the probate code controls. *See* TEX. PROB. CODE ANN. § 38(b). As such, Howard acquired the property subject to Mattie's one-third life estate when each of Richard's children executed warranty deeds conveying their interest in the property to Howard. We conclude that no fact issues remain as to ownership of the property and that the trial court did not err in granting Howard's motions for summary

8

judgment. *See Dow Chem. Co.*, 46 S.W.3d at 242 (holding that a summary judgment will be affirmed on appeal if any of the theories advanced are meritorious). Accordingly, we overrule Petty's second issue.

### c. Petty's Claims of Fraud, Conversion, and Real Estate Fraud

In his third issue, Petty argues that the trial court erred in granting Howard's summary judgment pertaining to his claims of fraud, conversion, and real estate fraud. With respect to his fraud and conversion claims, Petty contends that Howard is not the owner of the property, and therefore, Howard was not entitled to erect fencing and a gate around the property. Addressing his claim for real estate fraud, Petty asserts that the general warranty deeds secured by Howard were invalid and that he is the sole owner of the property because the property was considered community property at the time of Richard's death.[2] Petty, however, has not provided any authority or meaningful argument for his contentions under this issue. *See* TEX. R. APP. P. 38.1(h). Furthermore, we have already concluded that Howard is the owner of the property subject to Mattie's one-third life estate. Therefore, based on the foregoing, we conclude that Petty has waived this issue. *See id.*; *see also Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983). Accordingly, Petty's third issue is overruled.

### IV. CONCLUSION

We affirm the judgment of the trial court, and we deny Howard's motion for

---

[2] Petty makes an argument that Howard lacks standing to challenge the categorization of the property as community property and cites to section 160 of the probate code. *See* TEX. PROB. CODE ANN. § 160 (Vernon Supp. 2007) (detailing the powers of the surviving spouse to, among other things, sue and be sued for the recovery of community property). This argument, however, is irrelevant because section 3.001 of the family code and the record clearly establish that the property was Richard's separate property at his death. *See* TEX. FAM. CODE ANN. § 3.001(2) (Vernon 2006).

9

sanctions which was carried with this case. *See* TEX. R. APP. P. 45 (providing that "[i]f the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages").


DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 26th day of August, 2008.

10