NO. 07-11-0155-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 18, 2012

———————————————————————

JANE MATYASTIK,

Appellant

v.

THE CITY OF CAMERON, TEXAS,

Appellee

———————————————————————

FROM THE 20TH DISTRICT COURT OF MILAM COUNTY;

NO. 30,923; HONORABLE EDWARD P. MAGRE, PRESIDING

———————————————————————

*Memorandum Opinion*

———————————————————————

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jane Matyastik appeals from an order granting the City of Cameron's motion to foreclose on three demolition liens encumbering her realty. The order was issued after the trial court conducted a hearing on the motion, a hearing at which Matyastik did not appear. She suggests, via a motion for new trial, that she was absent from the hearing because she failed to receive notice of the proceeding and that this afforded her basis for a new trial on the matter. The motion was overruled by operation of law. Before us,

she contends that the trial court erred in failing to grant a new trial because the notice was not sent to her last known address. We disagree and affirm for several reasons.

First, the contention about there being a mistake in the address to which the notice was sent was not mentioned in her motion for new trial. Thus, it was not preserved for review. TEX. R. APP. P. 33.1 (requiring presentation of the complaint to the trial court as a prerequisite of preserving it for review).

Second, bare allegations of the lack of service in a motion for new trial do not suffice. *Limestone Construction, Inc. v. Summit Commercial Industrial Properties, Inc.,* 143 S.W.3d 538, 544 (Tex. App.–Austin 2004, no pet.); *see also Smith v. Mike Carlson Motor Co.,* 918 S.W.2d 669, 672 (Tex. App.–Fort Worth 1996, no writ). The movant must offer evidence either in the form of an affidavit or live testimony. *Limestone Construction, Inc. v. Summit Commercial Industrial Properties, Inc.,* 143 S.W.3d at 544. Matyastik did not do so here. Because there was no evidence before the trial court in support of the motion for new trial, the trial court did not abuse its discretion in denying it. *See Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 85 (Tex. 1992) (describing the pertinent standard of review as one of abused discretion).

Accordingly, we affirm the order of the trial court.


Brian Quinn
Chief Justice

2