

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00165-CV

JENNIFER SIMPSON BLACK                                    APPELLANT

V.

CHERYL DIETZMAN D/B/A DS                                    APPELLEE
BADER & ASSOCIATES

----------

FROM COUNTY COURT AT LAW NO. 1 OF DENTON COUNTY
TRIAL COURT NO. CV-2012-02212

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Jennifer Simpson Black, appearing pro se, appeals from the trial

court's summary judgment for Appellee Cheryl Dietzman d/b/a DS Bader &

---

[1]See Tex. R. App. P. 47.4.

Associates. Dietzman sued Black and various entities that Black operated[2] for breach of contract and for fraudulent transfers under the Texas Uniform Fraudulent Transfer Act arising from a contract between the parties for Dietzman to perform technical recruiting. Dietzman filed a traditional motion for summary judgment, and the trial court granted it; the trial court signed a judgment in favor of Dietzman and against Black and her companies, jointly and severally for $18,688.00 in damages and for $15,087.41 in attorney's fees. Liberally construing Black's pro se issues on appeal, she appears to argue that the trial court erred by granting summary judgment (1) for Dietzman because Dietzman failed to "establish a valid certificate of service" and failed to send copies of pleadings to Black; (2) against Black individually instead of against an entity she operated known as S&B Consulting Group, LLC; and (3) for Dietzman because the case proceeded "past the 18 months['] time standards." We will affirm.

## II. SUMMARY JUDGMENT WAS PROPER

### A. Service on Black

Black argues that the trial court erred by granting summary judgment for Dietzman because Dietzman failed to establish a valid certificate of service and failed to send copies of all pleadings and summonses to Black. The record

---

[2] By Memorandum Opinion dated June 26, 2014, this court dismissed for want of jurisdiction the appeals of Black's entities—S&B Consulting Group, LLC and SimpsonBlack Consulting Group, LLC—because the notices of appeal filed on behalf of the entities by Black, a nonattorney, were ineffective. *See S&B Consulting Grp., LLC v. Dietzman*, No. 02-14-00165-CV, 2014 WL 2922311, at *1 (Tex. App.—Fort Worth June 26, 2014, no pet.) (mem. op.).

reflects, however, that Dietzman's original petition was served on Black[3] and that Dietzman's motion for summary judgment was properly served on Black's attorney.[4] The record also reflects that Dietzman's motion for summary judgment contains a certificate of service, which creates a valid presumption of service.[5] *See* Tex. R. Civ. P. 21; *Smith v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 672 (Tex. App.—Fort Worth 1996, no writ). Black has not rebutted this presumption by an offer of proof of nonreceipt, and the three documents titled, "Defendants' Motion[s] to Object [to] Summary Judgment" that she filed pro se indicate that she did receive copies of all pleadings and motions or had obtained them from her attorney. The order granting Dietzman's motion for summary judgment specifically states, "The Court finds that the Plaintiff and Defendants had proper

---

[3]The record shows service on Black individually as well as on her entities. Additionally an answer was timely filed on behalf of all defendants.

[4]Black's counsel withdrew after Dietzman filed her motion for summary judgment. The trial court granted a continuance and ordered that Dietzman reset her motion for a hearing in approximately two months. Black then proceeded pro se in the trial court, filing a "Defendant's Intent to File Bankruptcy," two separate "Motion[s] for Dismissal/Non-suit, a "Defendants' Motion Notice of Removal," a "Defendant's Motion to Object [to] Summary Judgment," two more "Notice[s] of Bankruptcy Filing," two more "Defendant's Motion[s] to Object [to] Summary Judgment," and two "Defendant's Notice of Violation of Improperly Filing Motion." None of the motions filed by Black disputed the facts asserted in Dietzman's summary-judgment motion or included summary-judgment evidence controverting Dietzman's summary-judgment evidence. The summary-judgment hearing was held over a year after Black's trial counsel withdrew.

[5]Although Black does not specify which document filed by Dietzman did not contain a valid certificate of service, we focus on Dietzman's motion for summary judgment because the trial court disposed of the case on that motion.

notice." Because the record before us conclusively establishes that Dietzman served her pleadings and summary-judgment motion on Black, or on Black's attorney while Black was represented, and that Black had proper notice of the setting on Dietzman's motion for summary judgment, we overrule Black's first complaint.

## B. Judgment Against Black Individually

Black also argues that the summary judgment is improper because S&B Consulting Group, LLC established that it is a legal entity in the State of Texas and that all documentation for the contract with Dietzman was through S&B Consulting Group, LLC. Because we dismissed S&B Consulting Group, LLC from this appeal for lack of jurisdiction, we broadly construe Black's complaint as asserting that the trial court erred by granting summary judgment jointly and severally against Black individually.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to

4

summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *see* Tex. R. Civ. P. 166a(b), (c).

Dietzman's summary-judgment motion and the attached evidence span 186 pages in the clerk's record. Dietzman sued both Black and Black's entities. Dietzman's summary-judgment motion alleges that she had a contract with Black and with one of Black's entities; Black admitted in requests for admission that she had an agreement to pay Dietzman. Numerous emails between Black and Dietzman are attached as summary-judgment evidence documenting the parties' agreement. Black presented no controverting summary-judgment evidence to the trial court. Thus, viewing the summary-judgment evidence (Dietzman's summary-judgment evidence) in the light most favorable to Black, no genuine issue of material fact exists as to whether Black was acting in her individual capacity (or in both her individual capacity and on behalf of one of her entities) in her dealings and communications with Dietzman. Black's challenge to this element of Dietzman's breach-of-contract and fraudulent-transfer claims thus fails.[6] Because the trial court did not err by granting summary judgment for Dietzman against Black in her individual capacity jointly and severally with Black's entities, we overrule Black's second complaint.

---

[6]The record before us likewise conclusively establishes the other elements of Dietzman's breach-of-contract and fraudulent-transfer claims.

5

## C. Permissive Time Standards

In her third complaint, Black argues that the trial court erred by granting Dietzman's motion for summary judgment because the case proceeded "past the 18 months['] time standards." Specifically, Black argues that this case was filed on August 12, 2012; that it was not disposed of until May 20, 2014; and that "Texas Civil rule 1.10" requires civil jury cases to be brought to trial or final disposition within eighteen months from the first appearance date, so far as reasonably possible.[7] Texas Rule of Civil Procedure 165a(2) provides that "[a]ny case not disposed of within the time standards promulgated by the Supreme Court under its Administrative Rules *may* be placed on a dismissal docket." Tex. R. Civ. P. 165a(2) (emphasis added). The rule is permissive rather than mandatory and provides no relief on appeal. *See* Tex. Gov't Code Ann. § 311.016(1) (West 2013) (explaining that "may," when used in a statute, indicates that the provision is discretionary, not mandatory); *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 866 (Tex. App.—Dallas 2014, orig. proceeding) (same). We overrule Black's third complaint.

---

[7]We are unable to locate the rule that Black points to; however, the "Administrative Rules for Courts," adopted by the district and statutory county courts in Denton County, includes the following rule: "1.6 CONCLUSION OF LITIGATION TO BE HEARD BY A JURY. Civil jury cases should be concluded within 18 months from appearance date." Administrative Rules for Courts, http://dentoncounty.com/~/media/Departments/District-Clerk/PDFs/Administrative_Rules.pdf (last visited April 16, 2015); *see also* Tex. R. Jud. Admin. 6.1(b)(1).

### III. Conclusion

Having overruled all of Black's challenges to the trial court's summary judgment, we affirm it.

PER CURIAM

PANEL: WALKER, GARDNER, and MEIER, JJ.

DELIVERED: April 23, 2015