Alfred RIOS, Appellant,

v.

**TEXAS BANK, Appellee.**

No. 14–96–58–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 22, 1997.

Rehearing Overruled July 24, 1997.

Graydon Wilson, Joseph Leo Lanza, Houston, for appellant.

Thomas Duncan Kennedy, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

MURPHY, Chief Justice.

This is an appeal from a judgment granted in favor of Texas Bank in their suit on two promissory notes and an account. In two points of error, appellant, Alfred Rios, challenges the lack of an order granting an interlocutory summary judgment and the lack of timely notice of the summary judgment motion and hearing. We affirm.

Appellee, Texas Bank, filed suit against both appellant and Manuel Rios[1] for failure to pay the amounts due on two promissory notes and against appellant individually for failure to pay the amount due on a credit card account. Texas Bank also alleged claims of fraud and conspiracy against both defendants. On August 23, 1996, Texas Bank filed a motion for summary judgment on the ground there was no material fact issue whether appellant and Manuel Rios owed the amounts allegedly due. In addition to the copies of the promissory notes and the payment records of the notes and account, Texas Bank presented affidavits of Penny Evans, the person responsible for maintaining records at Texas Bank, and of the counsel for Texas Bank regarding attorney's fees. Texas Bank also filed an amended original petition. The motion for summary judgment was set for hearing on September 18, 1996.

Although Texas Bank claimed to have mailed appellant a copy of the motion on August 23, 1996, appellant alleges he did not receive a copy of the motion for summary judgment or the notice of hearing until September 11, 1996. Appellant attempted to file a response on the date of the hearing, but filing was denied. The court held a short hearing and did not orally render summary judgment. No order granting summary judgment was ever signed; however, a docket entry stated the motion was granted.

The case was called for trial on the remaining claims on October 2, 1996. Texas Bank appeared and announced ready, but neither appellant nor Manuel Rios appeared. According to the final judgment, Texas Bank waived the making of a record. The final judgment recites that (1) the defendants had been given all notices required by law but failed to appear, (2) Texas Bank presented evidence on its claims, (3) Texas Bank had previously obtained an interlocutory summary judgment establishing liability against appellant and Manuel Rios, and (4) the interlocutory summary judgment should be made final. Final judgment was rendered in favor of Texas Bank.

Approximately one week after the judge signed the final judgment, appellant filed a motion to reconsider and for rehearing, a motion to strike Texas Bank's first amended petition, and a motion to quash defective issuance and service of citation. Appellant later filed motions to vacate the judgment. The trial court held a hearing on the motion to reconsider and, during this hearing, denied the motion for reconsideration and for new trial. The record shows no ruling on any of the other motions.

In his first point of error, appellant claims the trial court erred in granting final judgment based on an interlocutory summary judgment because there is no order granting the motion for summary judgment. In addition to the notation in the final judgment, the only reference in the record to the grant of summary judgment is a docket entry. Appellant contends this is insufficient, citing *Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149, 151 n. 2 (Tex. App.—Dallas 1986, no writ). Although the *Energo* court did pronounce that a docket entry is not part of the record that may be considered by an appellate court, the court observed that a docket entry may be considered in certain situations, such as when necessary to correct clerical errors in judgments or orders. *Id.* Because of the danger of unreliability of docket entries, the Texas Su-

1. Manuel Rios is not part of this appeal.

preme Court has held that a docket entry must yield to a final judicial order because docket entries "cannot be used to contradict or prevail over a final judicial order."[2] *N–S–W Corp. v. Snell,* 561 S.W.2d 798, 799 (Tex.1977).

We need not determine whether the trial court erred in not signing a summary judgment order because the final judgment specifically disposes of all parties and issues. The judgment contains the following orders: (1) that Manuel Rios take nothing on his claims against Texas Bank; (2) that Texas Bank recover from appellant and Manuel Rios, jointly and severally, the sums due under the two promissory notes; (3) that Texas Bank recover reasonable and necessary attorney's fees; (4) that Texas Bank recover from appellant the sums due on the credit card account; (5) that Texas Bank recover its costs from appellant and Manuel Rios, jointly and severally; (6) that Texas Bank recover all post-judgment interest from appellant and Manuel Rios, jointly and severally; (7) that Texas Bank have such writs as necessary to enforce the terms of the judgment; and (8) that all relief not granted in the judgment is denied. These orders in the final judgment expressly adjudicate every cause of action pled by Texas Bank and all defenses and claims raised by appellant and Manuel Rios.

In *Wilhite v. H.E. Butt Co.,* 812 S.W.2d 1 (Tex.App.—Corpus Christi 1991, no writ), the appellant complained the summary judgment should be reversed because there was no order specifically addressing the issues allegedly disposed of by summary judgment. Although the court found there was an oral rendition of summary judgment, further evidenced by docket entry, the final judgment contained a Mother Hubbard clause, denying all relief not expressly granted, and this language indicated the judgment disposed of all parties and issues. *Id.* at 4. Thus, the Corpus Christi court found no reversible error in the trial court's failure to enter a separate written order granting summary judgment. *Id.*

■ Even if the trial court in this case did not sign an order granting summary judgment, the final judgment expressly disposes of all claims and parties. Therefore, we find no reversible error was committed by the trial court in not entering a separate written order granting summary judgment. We further find no reversible error in the final judgment on this ground because the final judgment disposes of all parties and issues. We overrule point of error one.

In his second and final point of error, appellant claims the trial court erred in granting summary judgment because appellant did not receive timely notice of the motion or hearing. Texas Bank argues that appellant has waived any complaint about the late notice because appellant did not raise this complaint in writing at the time of the summary judgment hearing.

Appellant received notice of the motion and hearing within seven days of the hearing date. Rule 166a requires service of the motion for summary judgment at least twenty-one days before the date specified for a hearing on the motion. Tex.R.Civ.P. 166a(c). The non-movant may not file and serve opposing affidavits or other written response later than seven days before the hearing except on leave of court. *Id.* If a non-movant receives late notice of the summary judgment motion and hearing, he may file a motion for continuance to obtain the full twenty-one days notice before the hearing and to have time to prepare an adequate response. *See White v. Wah,* 789 S.W.2d

---

**2.** *N–S–W* was an original proceeding in which the relator sought a mandamus ordering the trial judge to vacate an order reinstating a case more than thirty days after the date of dismissal and after the court had lost jurisdiction. 561 S.W.2d at 798. The docket entry indicated the judge granted the motion to reinstate on a date when the trial court retained jurisdiction, but the actual order reinstating the case recited the motion to reinstate was heard *after* the court lost jurisdiction. *Id.* The court conditionally granted mandamus, restating the rule that a docket entry may not impeach a court's final judicial order. *Id.* at 799.

The rule against relying on docket entries is in recognition of the danger of allowing a docket entry to prevail over a final judicial order where the two materially conflict. This is distinguishable from the situation before us where the docket entry does not contradict the final judgment, but in fact supports it.

312, 319 (Tex.App.—Houston [1st Dist.] 1990, no writ). The motion for continuance should advise the court that Rule 166a(c) makes twenty-one days notice mandatory and that less than the required notice requires a grant of continuance to allow the non-movant the required twenty-one days.

Appellant did not file a motion for continuance or complain of the late notice in his response; however, appellant complained about late notice in two post-judgment motions. Appellant contends case law allows him to raise this argument in post-trial motions.

In *Stephens v. Turtle Creek Apts., Ltd.*, 875 S.W.2d 25 (Tex.App.—Houston [14th Dist.] 1994, no writ), a panel of this Court held that to preserve error, an objection to service of a motion for summary judgment had to be in writing and before the trial court at the summary judgment hearing.[3] *Id.* at 26; *Hudenburg v. Neff*, 643 S.W.2d 517, 518 (Tex.App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 313 (1983). In *Stephens*, the appellant received notice six days before the summary judgment hearing, but raised the complaint of late notice in his response. *Id.* The requirement that the complaint be in writing and before the court at the summary judgment hearing is a requirement applicable to all objections to entry of summary judgment. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979).

■ We believe our holding in *Stephens* offers the most sensible rule regarding complaints of late notice. A party who has no notice of the summary judgment hearing is unable to attend the hearing and should be able to preserve error by post-trial motion alone.[4] If, on the other hand, a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must file a motion for continuance and/or raise the complaint of late notice in writing, supported by affidavit evidence, and before the trial court during the summary judgment hearing. *Stephens*, 875 S.W.2d at 26–27. To hold otherwise would allow a party who participated in the hearing to lie behind the log until after the summary judgment is granted and then raise the complaint of late notice for the first time in a post-trial motion. *See Union City Body Co., Inc. v. Ramirez*, 911 S.W.2d 196, 202 (Tex.App.—San Antonio 1995, no writ)(holding that a party may not lead a trial court into error and then complain about it on appeal). Furthermore, if a party receives sufficient notice to attend the hearing and does attend the hearing, due process requirements are satisfied.

■ In this case, appellant had notice of the motion and hearing approximately seven days before the hearing date. Although appellant had time to file a motion for continuance or motion for leave to file a response raising the issue of late notice, he did not do so.[5] Because appellant did not raise his complaint of late notice in writing at the summary judgment hearing, we hold appellant did not preserve error on this ground. Thus, the trial court was within its discretion to grant the motion for summary judgment. Accordingly, we overrule point of error two.

3. This court has previously held that a non-movant waived a complaint of late notice by not complaining of this in the trial court "before, during, or after the summary judgment hearing." *Negrini v. Beale*, 822 S.W.2d 822, 824 (Tex.App.—Houston [14th Dist.] 1992, no writ). The First Court of Appeals found waiver where the appellant did not file *both* a motion for continuance and a post-trial motion complaining of late notice. *White*, 789 S.W.2d at 319. Still another variation of this rule is offered by the El Paso court, which found waiver where the appellant did not request a continuance, rehearing, *or* new trial. *Wyatt v. Furr's Supermarkets, Inc.*, 908 S.W.2d 266, 270 (Tex.App.—El Paso 1995, writ denied).

4. Even if the complaint is raised in a post-trial motion, we believe this is a complaint on which evidence must be heard, and therefore, the party must request a hearing, present evidence, and obtain a ruling. *See Hatton v. Highlands Ins. Co.*, 631 S.W.2d 787, 788 (Tex.App.—Tyler 1982, no writ).

5. Appellant did attempt to file a response, but he did not file a motion for leave to file this untimely response. Leave of court is required when a party attempts to file a response within seven days of the hearing date. Tex.R.Civ.P. 166a(c).

Appellant has raised no challenges to the final judgment other than his complaints about the summary judgment. Having overruled appellant's complaints, we affirm the trial court's judgment.