Affirmed and Memorandum Opinion filed July 10, 2003














Affirmed and
Memorandum Opinion filed July 10, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00964-CV

_______________

 

LAWRENCE EDWARDS,
Appellant

 

V.

 

THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Appellee

_________________________________________________

 

On Appeal from
the 310th District Court

Harris County, Texas

Trial Court
Cause No. 01-27628

_________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            In this suit to establish paternity
and child support, Lawrence Edwards appeals a judgment in favor of the Office
of the Attorney General of Texas (the “AG”) on the grounds that (1) he did not
receive notice of the AG’s motion for new trial and hearing; and (2) the trial
court lacked plenary power to grant the AG’s motion for new trial and enter a
default judgment against him.  We affirm.




 








                                                                   Background

            In its action against Edwards to
establish him as the father of two minor children and to set child support, the
AG filed a notice of nonsuit, and the trial court
dismissed the case without prejudice on March 13, 2002. 
However, on April 12,
 2002, after a parentage testing report was filed with the
district clerk, the AG filed a motion for new trial.  Following a hearing, the trial court granted
the AG’s motion on June 6,
 2002, and sent Edwards a notice that trial was set on August 1, 2002.  Edwards failed to appear on that date for
trial, and the trial court entered a default judgment (the “default judgment”)
on August 12, 2002 declaring
Edwards the father of the two minor children and setting child support.

                                                                        Notice

            Edwards’s sole issue on appeal
argues, in part, that, because he was not notified of the AG’s motion for new
trial and hearing thereon, any subsequent proceeding in the case was null and
void, including the default judgment. 
Although Edwards was clearly entitled to such notice,[1] he
cites no authority indicating that a failure to provide it invalidates any
subsequent proceeding.[2]

            In addition, a complaint of
inadequate notice under Rule 21 is waived absent a timely objection in the trial
court.  See Tex. R. App. P. 33.1;
Walker v. Gonzales County Sheriff’s Dep’t,
35 S.W.3d 157, 160 (Tex. App.—Corpus Christi 2000, pet. ref’d).  Where a party has knowledge of a notice
defect before a dispositive matter is presented to
the trial court, but only raises it for the first time in a post-judgment
motion, the objection is not timely.  See Rios v. Tex. Bank, 948 S.W.2d 30, 33
(Tex. App.—Houston [14th Dist.] 1997, no pet.).

            In this case, the record reflects
that a notice of the new trial setting was sent to, and received by, Edwards’s
attorney.[3]  Edwards failed to appear for trial and raised
no objection in the trial court to the lack of notice of the motion for new
trial and hearing before the default judgment was entered.  Moreover, his motion for new trial did not
complain of the lack of that notice, but instead that he was not “properly
served in the new cause of action,” i.e.,
that he “did not receive a Citation informing [him] a new case had been
file[d].”[4]  Because Edwards has therefore failed to both
preserve his complaint for appeal and support it with authority, we overrule
this portion of his first issue.

                                                                Plenary
Power

            Edwards’s first issue also contends
that the trial court lacked plenary power to grant the AG’s motion for new
trial and enter a default judgment against him.

            A trial court has plenary power to
grant a new trial for thirty days after a judgment is signed.  Tex.
R. Civ. P. 329b(d).  In the case of a nonsuit,
the plenary period begins upon signing the order of dismissal, not the filing
of the notice of nonsuit.  In re
Bennett, 960 S.W.2d 35, 38 (Tex.
1997).  If a motion for new trial is
filed within thirty days after a final judgment is signed, this plenary period
is extended to either 105 days after judgment, if the motion is overruled by
operation of law, or 30 days after the trial court denies the motion for new
trial, as the case may be.  See Tex.
R. Civ. P. 329b(a), (c)-(e).

            In this case, the trial court signed
the order granting the AG’s nonsuit on March 13, 2002, and the
AG filed a timely motion for new trial (i.e.,
within 30 days) on April 12,
 2002.  As extended by this
motion for new trial, the trial court’s plenary power had not expired by June 6, 2002, 85 days following
judgment.  When the motion for new trial
was granted and the dismissal judgment was set aside, there was no longer any
judgment from which a plenary period could run. 
Therefore, the trial court did not lack plenary power to grant the new
trial or enter the default judgment. 
Accordingly, Edwards’s sole issue is overruled and the judgment of the
trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed July 10,
 2003.

Panel consists of Chief Justice
Brister and Justices Edelman and Frost.

 

 











[1]           See Tex. R. Civ. P. 21.





[2]           See Tex. R. App. P. 38.1(h) (requiring
arguments in briefs to be supported with citations to authorities).  Nor would such a result seem consistent with
a trial court’s general authority to grant a new trial on its own motion
without a hearing.  See Tex. R. Civ. P. 320.





[3]           Edwards does not dispute receiving
notice of the new trial setting.





[4]           Nor would an objection to the lack
of notice of the previous motion for new trial have been timely under these
circumstances  if raised for the first
time in Edwards’s motion for new trial.