COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-023-CV

 

 

IN THE INTEREST OF K.C.                                                                     

AND
R.C., CHILDREN

 

                                              ------------

 

 

           FROM
THE 360TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Ernesto W.
Callender appeals from a final order in a suit affecting the parent-child
relationship.  We affirm.








Ernesto and appellee Cindy L.
Callender were divorced on April 6, 2000. 
Pursuant to the final decree of divorce, Cindy was appointed sole
managing conservator and Ernesto was appointed sole possessory conservator of
the two children of the marriage, K.C. and R.C. 
Also, Cindy was appointed the person with the right to establish the
primary residence of the children, and Ernesto was ordered to pay child
support.  

On August 21, 2006, Ernesto
filed a petition to modify the parent-child relationship, alleging that the
circumstances of the children, a conservator, or other party affected by the
April 6, 2000 order had materially and substantially changed.[2]  The trial court referred the case to an
associate judge[3]
and temporary orders concerning conservatorship, possession, visitation, and
child support were subsequently entered on September 20, 2006, March 6, 2007,
June 4, 2007 and August 3, 2007.[4]  








On November 26, 2007,
asserting that the temporary orders had become Awholly unworkable,@ Cindy moved for entry of a final order.[5]  A hearing was held on December 6, 2007, and
after considering the evidence and testimony of both parties, the associate
judge finalized the matter as follows: (1) Cindy was named joint managing
conservator with the primary rights, duties, and responsibilities to the
children; (2) the children would reside with Cindy and complete their high
school education in Tarrant County, Texas; and (3) Ernesto was required to pay
child support in the amount of $500 per month. 
On December 18, 2007, Cindy filed a motion asking the trial court to
sign a final order.[6]  Cindy=s motion was set for hearing on December 21, 2007.

Ernesto was served with
notice of the hearing on December 18, 2007, but did not respond to Cindy=s motion and did not appear at the hearing.  The trial court signed a final order on
December 21, 2007 adopting the associate judge=s report.[7]  

On January 8, 2008, Ernesto
objected in writing to the final order, 
complaining that he Awas not given enough time to appear@ at the hearing and requesting another hearing.  The trial court did not take any action on
Ernesto=s objection.  








In three issues, Ernesto
contends that the trial court abused its discretion in holding a hearing on
Cindy=s motion because he was not given sufficient notice as required by
Local Rule 4.05(4)[8]
and Texas Rules of Civil Procedure 21 and 21a[9]
and was deprived his constitutional right to due process.[10]








A party waives a complaint
regarding insufficient notice if the party fails to preserve the complaint.[11]  To preserve a notice complaint, a party must
bring the lack of adequate notice to the trial court=s attention at the hearing and object to the hearing going forward or
move for a continuance.[12]  If a party receives notice that is untimely,
but is sufficient to enable the party to attend the hearing, the party must
file a motion for continuance or raise the complaint of late notice before the
trial court during the hearing.[13]  ATo hold otherwise would allow a party who participated in the hearing
to lie behind the log until after a motion is granted and then raise the
complaint of late notice for the first time in a post-trial motion.@[14]  Only when a party is not given
notice of the hearing, or a party is deprived of its right to seek leave to
file affidavits or other written response, may he preserve error in a
post-trial motion.[15]








Ernesto acknowledges that he
received notice of the hearing on December 18, three days before the
hearing.  We found no evidence in the
record that Ernesto objected to the notice or moved for a continuance prior to
the hearing.  Thus, Ernesto has waived his
right to raise an issue of insufficient notice on appeal.[16]  We overrule his three issues and affirm the
trial court=s
judgment.  

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

WALKER,
J., concurs without opinion.

 

DELIVERED:  September 11, 2008                         

 











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Fam. Code Ann. '
156.101 (Vernon Supp. 2008) (stating grounds for modification of an order
establishing conservatorship or possession and access).





[3]See
id. ''
201.001B.209
(Vernon 2002 & Supp. 2008) (authorizing trial court to refer to an
associate judge any aspect of a suit over which the court has jurisdiction
under Title 1 (the marriage relationship), Title 4 (protective orders and
family violence), and Title 5 (suits affecting the parent-child relationship)).





[4]See
id. '
201.007 (Vernon Supp. 2008) (delineating powers of associate judge and
expressly providing associate judge has power to enter temporary orders and
that a Atemporary
order rendered and signed by an associate judge . . . constitutes an order of
the referring court@).





[5]See
id. (providing associate judge can conduct a hearing, hear evidence, and
recommend an order be rendered in a case).





[6]See
id. (AUnless
a party files a written notice of appeal, the referring court may: (1) adopt,
modify, or reject the associate judge=s report, including the
proposed order; (2) hear further evidence; or (3) recommit the matter to the
associate judge for further proceedings.@).





[7]See
id.





[8]Local
Rule 4.05(4) provides that a hearing on a motion to enter a final order in a
family court case cannot be held sooner than ten days from the date the motion
and proposed final order were filed.  The
party responding to the motion must file an alternate order, or a written list
of objections to the proposed order, at least three days before the
hearing.  Tarrant Cty. Loc. R. 4.05.





[9]Texas
Rule of Civil Procedure 21 requires that a party be afforded at least three
days=
notice of a hearing date.  Rule 21a
extends the minimum notice by three days whenever a party has the right to or
is required to take action within a prescribed period of time and the notice is
served by mail or facsimile.  See Tex.
R. Civ. P. 21, 21a.





[10]See Tex.
Const. art. I, '' 13 (AAll
courts shall be open, and every person for an injury done him, in his lands,
goods, person or reputation, shall have remedy by due course of law@), 19
(ANo
citizen of this state shall be deprived of life, liberty, property, privileges
or immunities, or in any manner disfranchised, except by the due course of the
law of the land.@).





[11]See Tex.
R. App. P. 33.1(a); Low v. Henry, 221 S.W.3d 609, 618 (Tex. 2007); Union
City Body Co. v. Ramirez, 911 S.W.2d 196, 201 (Tex. App.CSan
Antonio 1995, orig. proceeding); Prade v. Helm, 725 S.W.2d 525, 526
(Tex. App.CDallas
1987, no writ).





[12]Low, 221
S.W.3d at 618; May v. Nacogdoches Mem. Hosp., 61 S.W.3d 623, 626B27
(Tex. App.CTyler
2001, no pet.); State Farm Fire & Cas. Co. v. Price, 845 S.W.2d 427,
431B32
(Tex. App.CAmarillo
1992, writ dism=d).





[13]Low, 221
S.W.3d at 618; May, 61 S.W.3d at 626; Rios v. Tex. Bank, 948
S.W.2d 30, 33 (Tex. App.CHouston
[14th Dist.] 1997, no writ).





[14]Rios, 948
S.W.2d at 33; see May, 61 S.W.3d at 626.





[15]May, 61
S.W.3d at 627; see Rios, 948 S.W.2d at 33.





[16]Reviewing
courts have held that a party must present due process arguments to the trial
court in order to pursue them on appeal. 
See, e.g., In re L.M.I., 119 S.W.3d 707, 710B11
(Tex. 2003) (holding due process argument waived when not brought to the trial
court=s
attention) cert. denied, 541 U.S. 1043 (1994); Ratsavong v.
Menevilay, 176 S.W.3d 661, 671 (Tex. App.CEl
Paso 2005, pet. denied) (same) cert. denied, 127 S. Ct. 253 (2006); Santos
v. Comm=n for
Lawyer Discipline, 140 S.W.3d 397, 404B05
(Tex. App.CHouston
[14th Dist.] 2004, no pet.) (same).