

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-023-CV**

IN THE INTEREST OF K.C.
AND R.C., CHILDREN

------------

FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Ernesto W. Callender appeals from a final order in a suit affecting the parent-child relationship. We affirm.

Ernesto and appellee Cindy L. Callender were divorced on April 6, 2000. Pursuant to the final decree of divorce, Cindy was appointed sole managing conservator and Ernesto was appointed sole possessory conservator of the two children of the marriage, K.C. and R.C. Also, Cindy was appointed the person

---

[1] See Tex. R. App. P. 47.4.

with the right to establish the primary residence of the children, and Ernesto was ordered to pay child support.

On August 21, 2006, Ernesto filed a petition to modify the parent-child relationship, alleging that the circumstances of the children, a conservator, or other party affected by the April 6, 2000 order had materially and substantially changed.[2] The trial court referred the case to an associate judge[3] and temporary orders concerning conservatorship, possession, visitation, and child support were subsequently entered on September 20, 2006, March 6, 2007, June 4, 2007 and August 3, 2007.[4]

On November 26, 2007, asserting that the temporary orders had become "wholly unworkable," Cindy moved for entry of a final order.[5] A hearing was

---

[2] *See* Tex. Fam. Code Ann. § 156.101 (Vernon Supp. 2008) (stating grounds for modification of an order establishing conservatorship or possession and access).

[3] *See id.* §§ 201.001–.209 (Vernon 2002 & Supp. 2008) (authorizing trial court to refer to an associate judge any aspect of a suit over which the court has jurisdiction under Title 1 (the marriage relationship), Title 4 (protective orders and family violence), and Title 5 (suits affecting the parent-child relationship)).

[4] *See id.* § 201.007 (Vernon Supp. 2008) (delineating powers of associate judge and expressly providing associate judge has power to enter temporary orders and that a "temporary order rendered and signed by an associate judge . . . constitutes an order of the referring court").

[5] *See id.* (providing associate judge can conduct a hearing, hear evidence, and recommend an order be rendered in a case).

held on December 6, 2007, and after considering the evidence and testimony of both parties, the associate judge finalized the matter as follows: (1) Cindy was named joint managing conservator with the primary rights, duties, and responsibilities to the children; (2) the children would reside with Cindy and complete their high school education in Tarrant County, Texas; and (3) Ernesto was required to pay child support in the amount of $500 per month. On December 18, 2007, Cindy filed a motion asking the trial court to sign a final order.[6] Cindy's motion was set for hearing on December 21, 2007.

Ernesto was served with notice of the hearing on December 18, 2007, but did not respond to Cindy's motion and did not appear at the hearing. The trial court signed a final order on December 21, 2007 adopting the associate judge's report.[7]

On January 8, 2008, Ernesto objected in writing to the final order, complaining that he "was not given enough time to appear" at the hearing and requesting another hearing. The trial court did not take any action on Ernesto's objection.

---

[6] *See id*. ("Unless a party files a written notice of appeal, the referring court may: (1) adopt, modify, or reject the associate judge's report, including the proposed order; (2) hear further evidence; or (3) recommit the matter to the associate judge for further proceedings.").

[7] *See id.*

In three issues, Ernesto contends that the trial court abused its discretion in holding a hearing on Cindy's motion because he was not given sufficient notice as required by Local Rule 4.05(4)[8] and Texas Rules of Civil Procedure 21 and 21a[9] and was deprived his constitutional right to due process.[10]

A party waives a complaint regarding insufficient notice if the party fails to preserve the complaint.[11] To preserve a notice complaint, a party must bring the lack of adequate notice to the trial court's attention at the hearing and

---

[8] Local Rule 4.05(4) provides that a hearing on a motion to enter a final order in a family court case cannot be held sooner than ten days from the date the motion and proposed final order were filed. The party responding to the motion must file an alternate order, or a written list of objections to the proposed order, at least three days before the hearing. Tarrant Cty. Loc. R. 4.05.

[9] Texas Rule of Civil Procedure 21 requires that a party be afforded at least three days' notice of a hearing date. Rule 21a extends the minimum notice by three days whenever a party has the right to or is required to take action within a prescribed period of time and the notice is served by mail or facsimile. *See* Tex. R. Civ. P. 21, 21a.

[10] *See* Tex. Const. art. I, §§ 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law"), 19 ("No citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.").

[11] *See* Tex. R. App. P. 33.1(a); *Low v. Henry,* 221 S.W.3d 609, 618 (Tex. 2007); *Union City Body Co. v. Ramirez,* 911 S.W.2d 196, 201 (Tex. App.—San Antonio 1995, orig. proceeding); *Prade v. Helm,* 725 S.W.2d 525, 526 (Tex. App.—Dallas 1987, no writ).

object to the hearing going forward or move for a continuance.[12] If a party receives notice that is untimely, but is sufficient to enable the party to attend the hearing, the party must file a motion for continuance or raise the complaint of late notice before the trial court during the hearing.[13] "To hold otherwise would allow a party who participated in the hearing to lie behind the log until after a motion is granted and then raise the complaint of late notice for the first time in a post-trial motion."[14] Only when a party is not given notice of the hearing, or a party is deprived of its right to seek leave to file affidavits or other written response, may he preserve error in a post-trial motion.[15]

Ernesto acknowledges that he received notice of the hearing on December 18, three days before the hearing. We found no evidence in the record that Ernesto objected to the notice or moved for a continuance prior to the hearing.

---

[12] *Low*, 221 S.W.3d at 618; *May v. Nacogdoches Mem. Hosp.*, 61 S.W.3d 623, 626–27 (Tex. App.—Tyler 2001, no pet.); *State Farm Fire & Cas. Co. v. Price*, 845 S.W.2d 427, 431–32 (Tex. App.—Amarillo 1992, writ dism'd).

[13] *Low*, 221 S.W.3d at 618; *May*, 61 S.W.3d at 626*; Rios v. Tex. Bank,* 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no writ).

[14] *Rios*, 948 S.W.2d at 33; *see May*, 61 S.W.3d at 626.

[15] *May*, 61 S.W.3d at 627; *see Rios*, 948 S.W.2d at 33.

Thus, Ernesto has waived his right to raise an issue of insufficient notice on appeal.[16]  We overrule his three issues and affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

WALKER, J., concurs without opinion.

DELIVERED:  September 11, 2008

---

[16] Reviewing courts have held that a party must present due process arguments to the trial court in order to pursue them on appeal. *See, e.g., In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003) (holding due process argument waived when not brought to the trial court's attention) *cert. denied*, 541 U.S. 1043 (1994); *Ratsavong v. Menevilay,* 176 S.W.3d 661, 671 (Tex. App.—El Paso 2005, pet. denied) (same) *cert. denied*, 127 S. Ct. 253 (2006); *Santos v. Comm'n for Lawyer Discipline,* 140 S.W.3d 397, 404–05 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (same).