

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00100-CV

DAVID ROCKWELL AND CARLENE                    APPELLANTS
ROCKWELL

V.

WELLS FARGO BANK, N.A.                         APPELLEE

----------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In four points, Appellants David Rockwell and Carlene Rockwell appeal the trial court's grant of summary judgment in favor of Appellee Wells Fargo Bank, N.A. We will affirm.

---
[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

Appellants executed a deed of trust in May 2006 to secure repayment of a loan that Carlene obtained from Edward Jones Mortgage, LLC in the amount of $210,400 and that she used to purchase a house in Parker County. A note and the deed of trust were assigned to Wells Fargo, who in May 2009 notified Appellants that their payments were delinquent and that the note would be accelerated if the default was not cured. Appellants failed to cure the default, and Wells Fargo appointed a substitute trustee and informed Appellants that the property was scheduled to be sold at a foreclosure sale. Appellants filed this lawsuit just before the date set for the foreclosure sale, alleging claims against Wells Fargo for wrongful foreclosure and for violation of the Deceptive Trade Practices Act (DTPA) and the Texas Debt Collection Act (TDCA). Wells Fargo did not proceed with the foreclosure sale, but it ultimately filed a motion for summary judgment on all of Appellants' claims. Appellants never responded to Wells Fargo's motion, and the trial court granted it and denied Appellants' subsequent motion to vacate the summary judgment. This appeal followed.

## III. INSUFFICIENT NOTICE OF HEARING ON MOTION FOR SUMMARY JUDGMENT

In their first point, Appellants argue that the trial court erred by not vacating the summary judgment because they did not receive "sufficient" notice of the hearing on Wells Fargo's motion.

Except on leave of court, with notice to opposing counsel, the motion for summary judgment and any supporting affidavits shall be filed and served at

least twenty-one days before the time specified for the hearing. *See* Tex. R. Civ. P. 166a(c). However, lack of proper notice of a summary judgment hearing is a nonjurisdictional defect that the nonmovant can waive. *May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.). Another appellate court has concisely explained the distinction between preserving an argument for appellate review complaining of *insufficient* notice of a hearing on a motion for summary judgment and preserving an appellate argument complaining of *no* notice of a hearing on a motion for summary judgment. *See Rios v. Tex. Bank*, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no writ). The court explained:

> A party who has no notice of the summary judgment hearing is unable to attend the hearing and should be able to preserve error by post-trial motion alone. If, on the other hand, a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must file a motion for continuance and/or raise the complaint of late notice in writing, supported by affidavit evidence, and before the trial court during the summary judgment hearing. To hold otherwise would allow a party who participated in the hearing to lie behind the log until after the summary judgment is granted and then raise the complaint of late notice for the first time in a post-trial motion. Furthermore, if a party receives sufficient notice to attend the hearing and does not attend the hearing, due process requirements are satisfied.

*Id.* (citations and footnotes omitted); *see May*, 61 S.W.3d at 627 ("It is only when a party is not given notice of the summary judgment hearing, or a party is deprived of its right to seek leave to file additional affidavits or other written response, that it may preserve error in a post-trial motion."). The court went on to hold that the appellant, who had seven days' notice of the summary judgment

3

hearing, did not preserve his argument regarding insufficient notice of the hearing because although he could have filed a motion for a continuance or a motion for leave to file a response raising the issue of late notice, he did not do so. *Rios*, 948 S.W.2d at 33. This court has previously cited with approval *Rios* and *May*. *See In re K.C.*, No. 02-08-00023-CV, 2008 WL 4180335, at *1 & nn.13–15 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (mem. op.) (holding that appellant, who received three days' notice of hearing, waived issue complaining of insufficient notice of hearing by failing to object or move for a continuance prior to the hearing).

In this case, Wells Fargo sent notice of the November 14, 2011 setting to Appellants on October 18, 2011, via certified mail, return receipt requested, but for some reason, Appellants' counsel did not sign the "green card" return receipt until November 10, 2011, four days before the date scheduled for the hearing. Appellants acknowledge that they received actual notice of the hearing on Wells Fargo's motion for summary judgment four days before the date set for the hearing. Because the four days' notice was untimely but sufficient to enable them to file a written objection to the hearing, to preserve error, Appellants must have moved for a continuance of the hearing or otherwise sought leave of court to raise the issue of insufficient notice, but like the appellant in *Rios*, Appellants never did so.

Appellants cite authorities relevant to cases in which the nonmovant to a summary judgment motion received no notice of the hearing on the motion. *See*

4

*Mark Rotella Custom Homes, Inc. v. Cutting*, No. 02-07-00133-CV, 2008 WL 623785, at \*2 (Tex. App.—Fort Worth Mar. 6, 2008, no pet.) (mem. op.) ("However, the opposing party may rebut th[e] presumption [that notice of a hearing setting, when properly mailed, was received by the addressee] by offering proof that the notice or document was not received."); *Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194, 195–97 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("Thus, there was no evidence before the trial court to controvert defendant's sworn affidavit stating that he never received notice of the certified mail."). But these authorities are inapposite because, as explained, this case involves insufficient notice, not lack of notice. Appellants' post-judgment motion to vacate the summary judgment was consequently insufficient to preserve error.

Accordingly, we hold that Appellants failed to preserve this point for appellate review. *See Rios*, 948 S.W.2d at 33; *see also Hatler v. Moore Wallace N. Am., Inc.*, No. 01-07-00181-CV, 2010 WL 375807, at \*1–2 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) (reasoning that motion for new trial complaining of insufficient notice of summary judgment hearing did not preserve same argument on appeal); *May*, 61 S.W.3d at 627 (holding that nonmovant waived argument on appeal regarding insufficient notice of summary judgment hearing because she failed to file written objection upon receiving two days' notice of the hearing). We overrule Appellants' first point.

## IV. PREMATURE MOTION FOR SUMMARY JUDGMENT

In their third point, Appellants argue that the trial court erred by granting Wells Fargo summary judgment on no-evidence grounds because the motion was premature—the discovery period had not ended—and additional time was needed to conduct adequate discovery.

We review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse of discretion standard, bearing in mind that a trial court abuses its discretion only when it acts in an unreasonable and arbitrary manner or when it acts without reference to any guiding rules or principles. *LaRue v. Chief Oil & Gas, L.L.C.*, 167 S.W.3d 866, 873 (Tex. App.—Fort Worth 2005, no pet.); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). In determining whether the time period for discovery was adequate, courts have looked at the nature of the case, the nature of the evidence necessary to controvert the motion, the length of time that the case was active, the amount of time that the motion was on file, the amount of discovery that had already taken place, and whether the deadlines were specific or vague. *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.).

The record demonstrates that Appellants filed this lawsuit on December 6, 2010. Wells Fargo removed the case to federal court several weeks later, but the case was remanded back to state court on or about May 16, 2011. Wells

6

Fargo filed its motion for summary judgment approximately five months later, in mid-October 2011, and the trial court granted the motion on or about November 30, 2011. Appellants do not challenge Wells Fargo's contention that they failed to conduct any discovery during the pendency of the case, including between May and October 2011, when the case was pending in state court. Nor do Appellants identify what discovery they needed, if any, in order to adequately respond to Wells Fargo's motion for summary judgment. Instead, they merely contend that "[i]nformation outside the formal discovery process that guides counsel in the focused pursuit of certain items in discovery has been in flux in this area of law, with developments over the past year or two constantly affecting the calculus of when and where discovery should be pursued" and that "[t]o have forced this case to an abrupt conclusion in November [2011] via summary judgment . . . is not in keeping with the interest of justice in this case." Considering each of the factors set out above in light of both the record and Appellants' specific arguments, we cannot conclude that the trial court abused its discretion by determining that an adequate time for discovery had elapsed. *See, e.g., Robeson v. Mortg. Elec. Registration Sys., Inc.*, No. 02-10-00227-CV, 2012 WL 42965, at *4 (Tex. App.—Fort Worth Jan. 5, 2012, pet. filed) (mem. op.) (holding similarly); *Wolfe v. Fairbanks Capital Corp.*, No. 02-03-00100-CV, 2004 WL 221212, at *1 (Tex. App.—Fort Worth Feb. 5, 2004, no pet.) (mem. op.) (same). We overrule Appellants' third point.

### V. SUMMARY JUDGMENT

In their second and fourth points, Appellants argue that the trial court erred by granting Wells Fargo summary judgment because Well Fargo's evidence supported Appellants' claims.

Although Appellants did not file a response to Wells Fargo's motion for summary judgment, it is well established that the trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the nonmovant unless the movant's summary judgment proof is legally sufficient. *See Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

Wells Fargo's summary judgment evidence included the affidavit of Jennifer Robinson. Appellants complain that Robinson did not indicate that she had examined the *original* documents that she relied upon to support her affidavit. Notwithstanding that Appellants cite no authority requiring an affiant to examine original documents in order to rely on those documents for purposes of

making an affidavit, Robinson stated the following in her affidavit: "All Exhibits attached hereto are the original or exact duplicates of the original."

Appellants also complain that Robinson's affidavit states that the exhibit evidencing the appointment of the substitute trustee was filed approximately one year before it was executed. The exhibit itself unambiguously shows that the appointment was executed on September 2, 2010, and filed on October 5, 2010.

Appellants seem to complain that Wells Fargo is unable to enforce the note because the note "showed no indication of an indorsement to Wells [Fargo]." "A note may be transferred . . . even if it is not indorsed . . . ." *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2004, no pet.). "Absent an indorsement, however, possession must be accounted for by proving the transaction through which the note was acquired." *Jernigan v. Bank One, Tex., N.A.*, 803 S.W.2d 774, 777 (Tex. App—Houston [14th Dist.] 1991, no writ). Wells Fargo submitted summary judgment evidence and proved the transfer by which it acquired the note.

Appellants complain that the assignment of the deed of trust and note was "almost certainly not executed and/or acknowledged on the date indicated" because there is no legal description contained on the document. The assignment unambiguously states that it was executed on May 16, 2006.

Appellants complain that the notices of the substitute trustee sales were not executed. Notwithstanding that the foreclosure sale never occurred, according to Wells Fargo, the documents were "not represented to be the actual

9

notices of substitute trustee sales filed in the real property records" but were "merely offered to evidence Appellee's notice to Appellants that it had accelerated the Note and intended to foreclose."

Finally, Appellants argue that the affidavit of David Rockwell, which they attached to their original petition, raised a fact issue relevant to one or more of their claims. But the affidavit is irrelevant for purposes of Wells Fargo's motion for summary judgment because Appellants did not attach it to a response to the motion for summary judgment. *See Speck v. First Evangelical Lutheran Church of Houston*, 235 S.W.3d 811, 816 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We overrule Appellants' second and fourth points.

## VI. CONCLUSION

Having overruled all of Appellants' points, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT, J.; and MEIER, J.

DELIVERED: October 18, 2012

10