02-12-100-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00100-CV

 

 


 
 
 David Rockwell and Carlene Rockwell
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Wells Fargo Bank, N.A.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 415th
District Court OF Parker COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          In
four points, Appellants David Rockwell and Carlene Rockwell appeal the trial court’s
grant of summary judgment in favor of Appellee Wells Fargo Bank, N.A.  We will
affirm.

II.  Background

          Appellants
executed a deed of trust in May 2006 to secure repayment of a loan that Carlene
obtained from Edward Jones Mortgage, LLC in the amount of $210,400 and that she
used to purchase a house in Parker County.  A note and the deed of trust were
assigned to Wells Fargo, who in May 2009 notified Appellants that their
payments were delinquent and that the note would be accelerated if the default
was not cured.  Appellants failed to cure the default, and Wells Fargo
appointed a substitute trustee and informed Appellants that the property was
scheduled to be sold at a foreclosure sale.  Appellants filed this lawsuit just
before the date set for the foreclosure sale, alleging claims against Wells
Fargo for wrongful foreclosure and for violation of the Deceptive Trade
Practices Act (DTPA) and the Texas Debt Collection Act (TDCA).  Wells Fargo did
not proceed with the foreclosure sale, but it ultimately filed a motion for
summary judgment on all of Appellants’ claims.  Appellants never responded to Wells
Fargo’s motion, and the trial court granted it and denied Appellants’
subsequent motion to vacate the summary judgment.  This appeal followed.

III.  Insufficient Notice of Hearing on Motion for
Summary Judgment

          In
their first point, Appellants argue that the trial court erred by not vacating
the summary judgment because they did not receive “sufficient” notice of the
hearing on Wells Fargo’s motion.

          Except
on leave of court, with notice to opposing counsel, the motion for summary
judgment and any supporting affidavits shall be filed and served at least
twenty-one days before the time specified for the hearing.  See Tex. R.
Civ. P. 166a(c).  However, lack of proper notice of a summary judgment hearing
is a nonjurisdictional defect that the nonmovant can waive.  May v.
Nacogdoches Mem’l Hosp., 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no
pet.).  Another appellate court has concisely explained the distinction between
preserving an argument for appellate review complaining of insufficient
notice of a hearing on a motion for summary judgment and preserving an appellate
argument complaining of no notice of a hearing on a motion for summary
judgment.  See Rios v. Tex. Bank, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th
Dist.] 1997, no writ).  The court explained:

A party who has no
notice of the summary judgment hearing is unable to attend the hearing and
should be able to preserve error by post-trial motion alone.  If, on the other
hand, a party receives notice that is untimely, but sufficient to enable the
party to attend the summary judgment hearing, the party must file a motion for
continuance and/or raise the complaint of late notice in writing, supported by
affidavit evidence, and before the trial court during the summary judgment
hearing.  To hold otherwise would allow a party who participated in the hearing
to lie behind the log until after the summary judgment is granted and then
raise the complaint of late notice for the first time in a post-trial motion. 
Furthermore, if a party receives sufficient notice to attend the hearing and
does not attend the hearing, due process requirements are satisfied.

 

Id.
(citations and footnotes omitted); see May, 61 S.W.3d at 627 (“It is
only when a party is not given notice of the summary judgment hearing, or a
party is deprived of its right to seek leave to file additional affidavits or
other written response, that it may preserve error in a post-trial motion.”). 
The court went on to hold that the appellant, who had seven days’ notice of the
summary judgment hearing, did not preserve his argument regarding insufficient
notice of the hearing because although he could have filed a motion for a continuance
or a motion for leave to file a response raising the issue of late notice, he
did not do so.  Rios, 948 S.W.2d at 33.  This court has previously cited
with approval Rios and May.  See In re K.C., No.
02-08-00023-CV, 2008 WL 4180335, at *1 & nn.13–15 (Tex. App.—Fort Worth
Sept. 11, 2008, no pet.) (mem. op.) (holding that appellant, who
received three days’ notice of hearing, waived issue complaining of
insufficient notice of hearing by failing to object or move for a continuance
prior to the hearing).

          In
this case, Wells Fargo sent notice of the November 14, 2011 setting to
Appellants on October 18, 2011, via certified mail, return receipt requested,
but for some reason, Appellants’ counsel did not sign the “green card” return receipt
until November 10, 2011, four days before the date scheduled for the
hearing.  Appellants acknowledge that they received actual notice of the
hearing on Wells Fargo’s motion for summary judgment four days before the date set
for the hearing.  Because the four days’ notice was untimely but sufficient to
enable them to file a written objection to the hearing, to preserve error,
Appellants must have moved for a continuance of the hearing or otherwise sought
leave of court to raise the issue of insufficient notice, but like the
appellant in Rios, Appellants never did so.

          Appellants
cite authorities relevant to cases in which the nonmovant to a summary judgment
motion received no notice of the hearing on the motion.  See Mark Rotella
Custom Homes, Inc. v. Cutting, No. 02-07-00133-CV, 2008 WL 623785, at *2
(Tex. App.—Fort Worth Mar. 6, 2008, no pet.) (mem. op.) (“However, the
opposing party may rebut th[e] presumption [that notice of a hearing setting,
when properly mailed, was received by the addressee] by offering proof that the
notice or document was not received.”); Rabie v. Sonitrol of Houston, Inc.,
982 S.W.2d 194, 195–97 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (“Thus,
there was no evidence before the trial court to controvert defendant’s sworn
affidavit stating that he never received notice of the certified mail.”).  But these
authorities are inapposite because, as explained, this case involves
insufficient notice, not lack of notice.  Appellants’ post-judgment motion to
vacate the summary judgment was consequently insufficient to preserve error.

          Accordingly,
we hold that Appellants failed to preserve this point for appellate review.  See
Rios, 948 S.W.2d at 33; see also Hatler v. Moore Wallace N. Am., Inc.,
No. 01-07-00181-CV, 2010 WL 375807, at *1–2 (Tex. App.—Houston [1st Dist.] Feb. 4,
2010, no pet.) (mem. op.) (reasoning that motion for new trial complaining
of insufficient notice of summary judgment hearing did not preserve same
argument on appeal); May, 61 S.W.3d at 627 (holding that nonmovant
waived argument on appeal regarding insufficient notice of summary judgment
hearing because she failed to file written objection upon receiving two days’
notice of the hearing).  We overrule Appellants’ first point.

IV.  Premature
Motion for Summary Judgment

          In
their third point, Appellants argue that the trial court erred by granting
Wells Fargo summary judgment on no-evidence grounds because the motion was
premature—the discovery period had not ended—and additional time was needed to
conduct adequate discovery.

          We
review a trial court’s determination that there has been an adequate time for
discovery on a case-by-case basis, under an abuse of discretion standard,
bearing in mind that a trial court abuses its discretion only when it acts in
an unreasonable and arbitrary manner or when it acts without reference to any
guiding rules or principles.  LaRue v. Chief Oil & Gas, L.L.C., 167
S.W.3d 866, 873 (Tex. App.—Fort Worth 2005, no pet.); see Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986).  In determining whether the time period for
discovery was adequate, courts have looked at the nature of the case, the
nature of the evidence necessary to controvert the motion, the length of time
that the case was active, the amount of time that the motion was on file, the
amount of discovery that had already taken place, and whether the deadlines
were specific or vague.  Rest. Teams Int’l, Inc. v. MG Sec. Corp., 95
S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.).

          The
record demonstrates that Appellants filed this lawsuit on December 6,
2010.  Wells Fargo removed the case to federal court several weeks later, but the
case was remanded back to state court on or about May 16, 2011.  Wells
Fargo filed its motion for summary judgment approximately five months later, in
mid-October 2011, and the trial court granted the motion on or about November 30,
2011.  Appellants do not challenge Wells Fargo’s contention that they failed to
conduct any discovery during the pendency of the case, including between May
and October 2011, when the case was pending in state court.  Nor do Appellants
identify what discovery they needed, if any, in order to adequately respond to
Wells Fargo’s motion for summary judgment.  Instead, they merely contend that
“[i]nformation outside the formal discovery process that guides counsel in the
focused pursuit of certain items in discovery has been in flux in this area of
law, with developments over the past year or two constantly affecting the calculus
of when and where discovery should be pursued” and that “[t]o have forced this
case to an abrupt conclusion in November [2011] via summary judgment . . . is
not in keeping with the interest of justice in this case.”  Considering each of
the factors set out above in light of both the record and Appellants’ specific arguments,
we cannot conclude that the trial court abused its discretion by determining
that an adequate time for discovery had elapsed.  See, e.g., Robeson v.
Mortg. Elec. Registration Sys., Inc., No. 02-10-00227-CV, 2012 WL 42965, at
*4 (Tex. App.—Fort Worth Jan. 5, 2012, pet. filed) (mem. op.)
(holding similarly); Wolfe v. Fairbanks Capital Corp., No.
02-03-00100-CV, 2004 WL 221212, at *1 (Tex. App.—Fort Worth Feb. 5, 2004,
no pet.) (mem. op.) (same).  We overrule Appellants’ third point.

V.  Summary Judgment

          In
their second and fourth points, Appellants argue that the trial court erred by
granting Wells Fargo summary judgment because Well Fargo’s evidence supported
Appellants’ claims.

          Although
Appellants did not file a response to Wells Fargo’s motion for summary
judgment, it is well established that the trial court may not grant a summary
judgment by default for lack of an answer or response to the motion by the
nonmovant unless the movant’s summary judgment proof is legally sufficient.  See
Rhône-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  In a
summary judgment case, the issue on appeal is whether the movant met the
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,
289 S.W.3d 844, 848 (Tex. 2009).  We review a summary judgment de novo.  Travelers
Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010).

          Wells
Fargo’s summary judgment evidence included the affidavit of Jennifer Robinson. 
Appellants complain that Robinson did not indicate that she had examined the original
documents that she relied upon to support her affidavit.  Notwithstanding that
Appellants cite no authority requiring an affiant to examine original documents
in order to rely on those documents for purposes of making an affidavit,
Robinson stated the following in her affidavit:  “All Exhibits attached hereto
are the original or exact duplicates of the original.”

          Appellants
also complain that Robinson’s affidavit states that the exhibit evidencing the
appointment of the substitute trustee was filed approximately one year before
it was executed.  The exhibit itself unambiguously shows that the appointment
was executed on September 2, 2010, and filed on October 5, 2010.

          Appellants
seem to complain that Wells Fargo is unable to enforce the note because the
note “showed no indication of an indorsement to Wells [Fargo].”  “A note may be
transferred . . . even if it is not indorsed . . . .” 
Leavings v. Mills, 175 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.]
2004, no pet.).  “Absent an indorsement, however, possession must be accounted
for by proving the transaction through which the note was acquired.”  Jernigan
v. Bank One, Tex., N.A., 803 S.W.2d 774, 777 (Tex. App—Houston [14th Dist.]
1991, no writ).  Wells Fargo submitted summary judgment evidence and proved the
transfer by which it acquired the note.

          Appellants
complain that the assignment of the deed of trust and note was “almost
certainly not executed and/or acknowledged on the date indicated” because there
is no legal description contained on the document.  The assignment
unambiguously states that it was executed on May 16, 2006.

          Appellants
complain that the notices of the substitute trustee sales were not executed.  Notwithstanding
that the foreclosure sale never occurred, according to Wells Fargo, the
documents were “not represented to be the actual notices of substitute trustee
sales filed in the real property records” but were “merely offered to evidence
Appellee’s notice to Appellants that it had accelerated the Note and intended
to foreclose.”

          Finally,
Appellants argue that the affidavit of David Rockwell, which they attached to
their original petition, raised a fact issue relevant to one or more of their
claims.  But the affidavit is irrelevant for purposes of Wells Fargo’s motion
for summary judgment because Appellants did not attach it to a response to the
motion for summary judgment.  See Speck v. First Evangelical Lutheran Church
of Houston, 235 S.W.3d 811, 816 (Tex. App.—Houston [1st Dist.] 2007, no
pet.).  We overrule Appellants’ second and fourth points.

VI.  Conclusion

          Having
overruled all of Appellants’ points, we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT, J.; and MEIER, J.

 

DELIVERED:  October 18, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-12-00100-CV

 

 


 
 
 David
 Rockwell and Carlene Rockwell
  
 v.
  
 Wells
 Fargo Bank, N.A.
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 415th District
 Court
  
 of
 Parker County (CV10-2058)
  
 October
 18, 2012
  
 Opinion
 by Justice Meier
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

          It is further
ordered that Appellants David Rockwell and Carlene Rockwell shall pay all costs
of this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Bill Meier

 









[1]See Tex. R. App. P. 47.4.