**Affirmed and Majority and Concurring Opinions filed October 15, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-19-00361-CV
## NO. 14-19-00362-CV

## JOHN EMMANUEL D/B/A FIRST AMERICO AUTO SALE & REPAIR, Appellant

## V.

## ABIGAIL IZOUKUMOR, Appellee

**On Appeal from the 98th District Court**
**Travis County, Texas**
**Trial Court Cause Nos. D-1-GN-18-007239 & D-1-GN-17-006205**

## C O N C U R R I N G   O P I N I O N

Appellant John Emmanuel d/b/a First Americo Auto Sale & Repair challenges the trial court's judgment in the suit appellee Abigail Izoukumor filed against him. In that litigation, Izoukumor asserted violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"),[1] breach of

---

[1] Tex. Bus. & Com. Code Ann. §§ 17.41-.63.

contract, and other claims.

Izoukumor filed a motion on April 13, 2018, seeking partial summary judgment on her claims for DTPA violations and breach of contract, and she filed a notice that an oral hearing on the motion would take place on May 15, 2018. Emmanuel did not file a response to the summary-judgment motion. The trial court held a hearing on the motion on May 15, 2018, and two weeks later signed an order granting Izoukumor's motion.

Emmanuel filed a "Motion to Reopen/New Trial," the substance of which was a motion for new trial.[2] In his motion, Emmanuel asserted that he did not receive Izoukumor's summary-judgment motion until after the trial court granted the motion. Emmanuel asserted that if he had received the motion or if he had been served with the motion, he would have had an opportunity to file a summary-judgment response. Emmanuel asked the trial court to set aside its summary-judgment order and to order a new trial. Emmanuel did not submit any evidence supporting his contention that he had not received or been served with the summary-judgment motion before the trial court granted the motion.

In response to Emmanuel's motion, Izoukumor submitted evidence that on April 13, 2018, she served Emmanuel with her summary-judgment motion. The trial court denied Emmanuel's motion for new trial.

Under his first issue on appeal, Emmanuel asserts that the trial court erred in denying his motion for new trial because Izoukumor did not serve her summary-judgment motion on Emmanuel and Emmanuel only learned of the motion after the trial court granted it. Though Emmanuel does not mention the notice of hearing on the motion, presumably he claims Izoukumor did not serve the notice of hearing on

_____

[2] This court gives effect to the substance of the motion rather than the motion's title or form. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980).

him either, because if she had, Emmanuel would have learned of the summary-judgment motion before the trial court granted it. Emmanuel does not assert on appeal that he had some notice of the summary-judgment hearing, so that he was able to attend the summary-judgment hearing, but less notice than Texas Rule of Civil Procedure 166a requires.[3]

Under the Fourteenth Court of Appeals's error-preservation precedent, a party may preserve error in a post-judgment motion for new trial as to a complaint that the party received no notice of the summary-judgment motion or the hearing, because a party in this posture lacks the ability to attend the summary-judgment hearing.[4] On the other hand, if a party complains it received notice that was untimely but sufficient to enable the party to attend the summary-judgment hearing, to preserve error the party must file a motion for continuance or raise the complaint of late notice in writing, supported by affidavit evidence, and put before the trial court during the summary-judgment hearing.[5] Under his first issue, Emmanuel asserts the former complaint rather than the latter. Thus, Emmanuel preserved error by his motion for new trial.[6] Though Emanuel preserved this complaint in the trial court, Emmanuel had the burden of proving his allegation that Izoukumor did not serve her summary-judgment motion on Emmanuel and that Emmanuel only learned of the motion after the trial court granted it. Because

---

[3] *See* Tex. R. Civ. P. 166a.

[4] *See Garrick v. Autoliv ASP, Inc.*, No. 14-17-00818-CV, 2018 WL 3385159, at *2–3 (Tex. App.—Houston [14th Dist.] Jul. 12, 2018, pet. denied) (mem. op.); *Modelist v. Deutsche Bank Nat. Trust Co.*, No. 14-10-00249-CV, 2011 WL 3717010, at *2 (Tex. App.—Houston [14th Dist.] Aug. 25, 2011, no pet.) (mem. op.); *Rios v. Tex. Bank*, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

[5] *See Garrick*, 2018 WL 3385159, at *2–3; *Rios*, 948 S.W.2d at 33.

[6] *See Garrick*, 2018 WL 3385159, at *2–3; *Modelist*, 2011 WL 3717010, at *2; *Rios*, 948 S.W.2d at 33.

Emmanuel submitted no proof of this allegation, the trial court did not abuse its discretion in denying Emmanuel's request for a new trial based on this allegation.[7]

The majority construes Emmanuel's complaint as limited to an alleged lack of service of the summary-judgment motion; the majority does not view Emmanuel as complaining of a lack of notice of the summary-judgment hearing.[8] Rather than incorrectly characterize Emmanuel's first issue and dispose of it based on a failure to preserve error, this court should overrule it based on Emmanuel's failure to provide evidence that Izoukumor did not serve her summary-judgment motion on Emmanuel and that Emmanuel only learned of the motion after the trial court granted it.[9]


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jewell and Spain (Spain, J., majority).

---

[7] *See Modelist*, 2011 WL 3717010, at *2.

[8] *See ante* at 3–5.

[9] *See Modelist*, 2011 WL 3717010, at *2.